RECEIVED

APR 1 4 2023

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
       DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**FILED**

April 14, 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ **JMV**
                 DEPUTY

LINDA BALDWIN,

Plaintiff, Pro Se

Vs.

§
§
§
§
§
§
§
§

Judicial Notice

**Bivens vs Six Unknown named Agents**

**1:23CV00426 LY**

JUDGE ROBERT PITMAN
Defendant, in official capacity

**ORIGINAL PETITION**
**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**

TO THE HONORABLE JUDGE OF SAID COURT:

     TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW LINDA

BALDWIN, pro se (1). Permission to file litigation (2). Has not filed to harass. (3) has not file to

delay. **NOW COMES,** Linda Baldwin, Pro se Complaining of Robert Pitman, under color of law in

his Official Capacity as the Federal Judge of the Western District of Austin, Texas for Violation

of her Civil Rights under the 14th Amendment Section 42 U.S.C § 1983, Deprivation of her

**Rights**, Title VII Discrimination 1962 amended and **Ex Parte** to a procedural of Due Process.

     November 28, 2022, Baldwin's filed with U.S. Clerk a motion to reopen under 11.101

permission to filed and to reopen based upon new evident but accordingly her documents was

returned to her under case number under case 1:19-cv-00454-RP and 1:18-cv-00996-RP, as

Barred from further filing. ( Exhibit A).

     The Fourteenth Amendment, however, guaranteed that everyone born or naturalized in the

United States under its jurisdiction would be a United States citizen shall not deprived of their due

process as Baldwin was denied her procedural due process by committing Ex Parte after the court

fill out a civil docketing sheet 1:17-cv-00149-RP added four people to case file 1:18-cv-00036-RP,

after Baldwin only served one person and only one person was served in each of these cases; the

evident showed someone signed her name to case file 1:17-cv-00149 without her permission and

adding four people to 1:1 8-CV-36-RP. And now, Baldwin are asking this Court to throw out all

orders and opinion by Judge Robert L. Pitman and will further explains below:

<div align="center">

RECORD OF ROBERT PITMAN IN THE U.S SENATE
FAIRNESS, HONESTY AND INTERRITY

</div>

Senator Grassley Questions for the Record Robert Pitman, Nominee, U.S. District Judge

for the Western District of Texas and asked- **What is the most important attribute of a judge,**

**and do you possess it?  Judge Robert Pitman-** Response: I believe the most important attribute of a

judge is integrity. For a judge, integrity means strictly adhering to the rule of law and rendering fair

and impartial decisions. I believe that I demonstrated this attribute during my tenure as a magistrate

judge, and I am committed to doing the same should I be confirmed as a district judge. **Please explain**

**your view of the appropriate temperament of a judge. What elements of judicial temperament**

**do you consider the most important, and do you meet that standard?  Judge Robert Pitman**

**Response:** I believe that a judge should be diligent, decisive, humble and even-tempered. As a

magistrate judge, I was committed to treating all who appeared in my court with respect and civility,

and to giving them a full and meaningful opportunity to be heard, and I am committed to doing the

same should I be confirmed as a district judge. ( Exhibit B pages 1-7 ).

<div align="center">

**PARTIES**

</div>

Plaintiff, Linda Baldwin, who presently resides at 4325 West Rome Boulevard # 1184,

North Las Vegas, Nevada 89084 and Williamson County, Texas.

Defendant, U.S. District Judge Robert Pitman can be served at 501 West 5th Street, Suite 5300, Austin, Texas 78701

## JURISDICTION

Plaintiff brings this action against ( Judge Robert Pitman), a federal Judge, pursuant to Title 28 U.S. Code § 1331, in claims arising from violations of federal constitutional rights guaranteed in the 14th amendments to the U.S. Constitution and repressible pursuant to Bivens v. Six Unknown Narcotics Agents 403 U.S. 388 (1971). Under Section U.S.C 42 1983 deprivation of rights which can be sued, Ex Parte, Title VII 1962 amended and § Article III 2 which extends the Jurisdiction to cases arising under the U. S. Constitution.

## DENIED  DUE PROCESS

### 1:17-cv-00149

Plaintiff, Linda Baldwin, *prose* is African American women which resides in the Unites States of American deprived of a fair trial under the fourteen amendment and under Section Title VII 1962 amended, Ex Parte and 42 U.S.C 1983 deprivation of right's by Robert Pitman, federal Judge of the Austin, Texas.

November 9, 2018, under case number 1:17-cv-00149, Baldwin wrote Judge Robert Pitman concerning ex parte handling of case asking for a new trial because the evident showed someone wrote her name without consulting her and filled out a new civil cover sheet after she used the wrong one and added four people to her claims to case number 1:1 8-CV-36-RP after one person where served in each case and Judge Robert Pitman refused to make correction to this.(Exhibit C

). See Merriam-Webster Dictionary of Law Ex Parte. (Exhibit D).

**1:18-cv-00996-RP**

March 29, 2019 Baldwin filed motion to make correction because error's by Judge Robert Pitman after he **read** the complete case files-in which Judge Robert Pitman refused to make correction to this. ( Exhibit E ).

February 7, 2019 Judge Robert Pitman render a decision after he revisited his order under Baldwin's Rule 60 after Baldwin made a discovery of several ex parte after he committed in her case. " Judge Robert Pitman's also states as such "he have read,' and dismissed Baldwin's case for lack of subject matter jurisdiction because Baldwin's claims fall within the exclusive jurisdiction of the Texas Workers' Compensation Division' Baldwin disagreed with this because Zurich misrepresented its policies by lying and refusing to pay her injuries claims in timely manner and also the court changed Baldwin's causes of action to fair Standard Act from misrepresentation in this case under *1:17-cv-00149 in the civil sheet form which really confused her*. ( Exhibit E ) Accordingly, Texas Department of Insurance no longer have Jurisdictions over this matter because Baldwin filed a private claims under Chapter 541 of the Insurance Code as it entitled "Unfair Methods of Competition and Unfair or Deceptive Acts or Practices. In addition, Judge Robert Pitman stated that, here, the Court has determined that it lacks subject matter Jurisdiction over Baldwin's causes of action. ( Exhibit F )

## BALDWIW'S CASE WAS DISMISSED AS A VEHICLE ACCIDENT
## BY ROBERT PITMAN

**1:1 8-CV-36-RP**

On January 17, 2018 under cause number 1:1 8-CV-36-RP Baldwin filed a calm against Defendants Kent Sullivan of the Texas Department of Insurance Division of Workers'

Compensation and later dismissed by Judge Robert Pitman. Accordingly, Robert Pitman ordered ("OIEC") the only remaining defendant had not yet been served or otherwise appeared in this action after Baldwin only served one individual and only mention one in individual in her complaint.

Accordingly, Robert Pitman issued an order to show cause for Plaintiff's Linda Baldwin failure to timely effectuate service pursuant to Federal Rule of Civil Procedure against Office of Injured Employee Counsel. In addition, Judge Robert Pitman further ordered and warned Baldwin' that failure to do so may result in dismissal of this action against that defendant. Baldwin felted intimidated and manipulated by Judge Robert Pitman to do so and thought he had accepted the Jurisdiction to this - after he responded to his Order to show causes on October 24, 2018 why the defendant had not been served otherwise been served in this case. Baldwin had clarified that she only intended to sue Kent Sullivan in his official capacity; she never added the OIEC as a defendant, and including it was a "clerical error." Baldwin explains that including the OIEC was only a reference to Sullivan's job description. Baldwin asked the Court to correct the clerical mistake pursuant to Federal Rule of Civil Procedure 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission in which Judge Robert Pitman refused to do so but made Judgement that Baldwin had dismissed her action claims against Office of Injured Employee Counsel....... ( See Exhibit G )

August 5, 2019, Baldwin was moved to file a case against Office of Injured Employee Counsel in her Original Complaint and later Amended her Complaint under Case 1:19-cv-00454-RP- as Robert Pitman dismissed her claims without prejudice supposedly after the case was never filed against Office of Injured Employee Counsel-and later he dismissed Baldwin's claims due a vehicle accident in which she never said such a thing under 101. 021. As Baldwin's filed a **TORT** LIABILITY OF GOVERNMENTAL UNITS Sec. 101.021. GOVERNERMENTAL LIABILITY for

mishandling of her medical records.

A governmental unit in the state is liable for: (B) the employee would be personally liable to the claimant according to Texas law; (2) personal injury or death so caused by a **condition** or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. **( Baldwin made a statement of Texas Law not that she was injured by in a car accident**) Baldwin went on to explain further of condition under The Tort Claims Act includes a limited waiver of the state's immunity from suits alleging (1) personal injury proximately caused by the **wrongful act or omission or the negligence of an employee acting within her scope of employment** if the personal injury arises from the operation **or** use of motor-driven equipment and the employee would be personally liable to the claimant under Texas law; or (2) personal injury so caused by a condition under punitive **or** use of tangible personal **or** real property if the governmental unit, were it a private person, would be liable to the claimant under Texas law. See Tex. Civ. Prac. &Rem.Code Ann. §101.021, 101.025 (Vernon 2005); Act of May 17, 1985, 69th Leg., R.S., ch. 959, §1, 1985 Tex. Gen. Laws 3242, 3303 (current version at § 101.022 (Vernon Supp.2008)). Robert Pitman opinion here against Baldwin was complete false. **See Exhibit H** . It was never a car accident by her..

## DISCRIMINATION (BIASED) UNDER TITLE VII 1962 AS AMENDED EX PARTE

Judge Robert Pitman discriminated against Baldwin as bias and Ex Parte concerning disinformation about her **is** completely in his **false opinion's** and about her after reading her complete case file.

-----------------------------

Whenever parties to a dispute come before a formal tribunal, they are entitled to a fair,

impartial hearing and to equal access to the fact-finder. The *ex parte* rule is designed to preserve the due process rights of all parties to administrative proceedings. *An* ex parte communication is an oral or written communication made without proper notice to all parties and not on the public record, from an interested person outside the agency to a member of the agency, an administrative law judge. See *Home Box Office, Inc. v. FCC*, 567 F.2d 9, 57 (D.C. Cir.) ("information gathered *ex parte* from the public which becomes relevant to a rulemaking will have to be disclosed at some time"), *cert. denied,* 434 U.S. 829 (1977); *see also Action for Children's Television v. FCC*, 564 F.2d 458, 474-77 (D.C. Cir. 1977). (1). Judge Robert Pitman adding four people to the case file when only one person was served. (2). Changing Baldwin's causes from Misrepresentation of the Insurance action to Fair Standard Act. without her permission  ( 3 ) making a false Ruling and statements which is not true about her.

According to Robert Pitman further denied Baldwin the opportunity to Amend and a discovery to her answers after Judge Robert signed an order October 18, 2019 **IT IS ORDERED** that Plaintiff Linda Baldwin's Motion with Objection to Squash Subpoena and Protection Order, and Objection and Motion to Lift Stay,  are **REFERRED** to United States Magistrate Judge Andrew W. Austin for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. **IT IS FURTHER ORDERED** that Defendant Office of Injured Employee Counsel's Motion to Dismiss Plaintiff's Second Amended Petition, is **REFERRED** to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Baldwin never received any recommendation from the Magistrate Judge from this court nor was the order ever

executed. On the following the Court's withdraws that referral and enters the following. (**Exhibit I**)

March 24, 2020 under case 1:19-cv-00454 before Judge Robert Pitman Court "Baldwin's Motion to Vacate Order and Motion to Reopen after the Defendant Office of Injured Employee Counsel's ("OIEC") did not respond".

On February 18, 2020, the Court granted OIEC's motion to dismiss Baldwin's second amended complaint, and entered final judgment against Baldwin the following day,  In its Order granting the motion to dismiss, the Court also ordered Baldwin to show cause "why she should not be barred from filing or any further cases in federal court without obtaining prior approval from a federal district or magistrate judge no later than 14 days from the date of her receipt of this Order." Judge Robert Pitman committed the ex parte ".  Baldwin received that Order on February 24, 2020. (Cert. Mail Receipt, ). Baldwin's motion was, filed March 4, 2020, asserts that it is also a response to the order to show causes.

Accordingly Judge Robert read Baldwin's completed case file after considering the record—including this and related cases' procedural histories and Baldwin's individual history as a litigant—as well as the facts and the relevant law, accordingly Judge Robert Pitman denied Baldwin's motion after reading the preponderance of evident and bars her from filing in this Court without obtaining prior approval from a federal district or magistrate judge. Baldwin states that she seeks relief under Federal Rule of Civil Procedure 60(a), which Governs corrections based on "clerical mistake[s]" or "mistake[s] arising from oversight or Omission." Judge Robert Pitman's added that- But the omissions "Baldwin alleges do not fall within the ambit of Rule 60(a). ( See Exhibit K). But Judge Robert Pitman  alleged Baldwin; omissions or clerical errors—many of which are actually arguments that the Court incorrectly ruled against her—are on the whole illusory

after Judge Pitman committed the act of ex parte as it did harm to Ms. Baldwin. Consequently, Judge Pitman stated that none have "cause[d] the judgment to inaccurately reflect the results of the court's adjudication," which could justify an amended judgment under Rule 60(a). "Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)s scope; missteps involving substantive legal reasoning are not." *Id.* at 194. Judge Robert Pitman states Baldwin therefore cannot obtain this form of relief. Nor can Baldwin obtain a more general relief of reconsideration or vacating the final judgment. Judge Robert Pitman to the extent that this is the form of relief that Baldwin's requests, "the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A motion made under Rule 59(e)—that is, one requesting a new trial or for the court to alter or amend its judgment—"is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. Hydro Chem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). ( ***Baldwin only asked him to correct his mistakes but he refused to do as the evident was there of what he did to her.*** ) Instead, Judge Robert Pitman's says it serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Judge Robert Pitman stated. The Courts must consider the tension between "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.* Baldwin disagree with this and here the reason why down below:

### Texas Department of Insurance Division Decision

On January 17, 2017 "Baldwin received a decision October 19, 2016 became final on the date listed at the top of this notice under the provisions of §410.169 or §410.204(c) of the Texas

## CERTIFICATE OF SERVICE

I, Linda Baldwin, hereby certify that on this, March 31, 2023, I served a true and correct copy of, via certified mail, return receipt requested, as follows:

Defendant,

U.S. District Judge Robert Pitman
501 West 5th Street, Suite 5300,
Austin, Texas 78701

Plaintiff,
Linda Baldwin
4325 W. Rome Blvd.
Apt. #1184
North Las Vegas, NV 89084

Respectfully Submitted,

Linda Baldwin, Pro SE

# Affidavit of Linda Baldwin

State of Nevada County of Clark

      Linda Baldwin, being duly sworn deposes and stales as follows under penal of perjury:

1. My name is Linda Baldwin, I am presently 68 years old, and my current address of residence is 4325 W Rome Blvd, North Las Vegas, Nevada89034.

2. The (purpose of this affidavit is to The Right to file under the Fourteenth Amendment, however, guaranteed that
everyone born or nationalize in the United States under its jurisdiction would be a United States citizen shall not
deprived of their due process as Baldwin was denied her procedural due process..

3. And now, Baldwin are asking this Court to throw out all orders and opinion by Judge Robert L. Pitman
for Violation of her Rights under the 14th Amendment Section 42 U.S.C § 1933 Deprivation of her
Rights, Title Vit Discrimination 1962 amended and Ex Parte to a procedural of Due Process..

I hereby swear or affirm that the information above is true accurate and complete to the best of my knowledge, and that no relevant information has been omitted.

Dated: ^nature of Individual:

4/1/2023

Notary Public _Valerie Miranda_

Titled And Rank notary public

Date Of Commission Expiry 02/11/2027



# EXHIBIT

# A

**11.101**

RECEIVED

NOV 2 8 2022

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
                    DEPUTY

Linda Baldwin
4325 W. Rome Blvd. Apt 1184
N. Las Vegas Nevada 89084

United State District Court, Clerk
501 West 5th Street Suit 1100
Austin, Texas 78701

Re: 1:18-cv-00996 and 1:19-cv-00454

U. S. Clerk:

TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW LINDA
BALDWIN, Plaintiff, Linda Baldwin file her Complaint under Causes of Action 42 1983 People
of Color, American Disability Act (ADA), Title II, Plaintiff, Linda Baldwin, To the Honorable
Judge of said Court: Now, Come, Linda Baldwin pro Se, (1). Permission to file litigation (2).
Has not filed to harass. (3). has not file to delay.

I am resending these two motion and 3rd amended Petition to reopen under Rule 11.101
permission case number 1:18-cv-00996 and 1:19-cv-00454 was misplace or overlook in your
office. I also have attached motion that Judge Robert Pitman recuse himself for conflict of
interest in my case.

If you have any question, I can be reached (725) 250-9397.

Linda Baldwin

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LINDA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § |  1:19-CV-454-RP |
| | § | |
| OFFICE OF INJURED EMPLOYEE | § | |
| COUNSEL, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Plaintiff Linda Baldwin's ("Baldwin") Motion to Vacate Order and

Motion to Reopen. (Dkt. 38). Defendant Office of Injured Employee Counsel's ("OIEC") did not

respond. On February 18, 2020, the Court granted OIEC's motion to dismiss Baldwin's second

amended complaint, (Mot., Dkt. 27; Order, Dkt. 34), and entered final judgment against Baldwin the

following day, (Dkt. 35). In its Order granting the motion to dismiss, the Court also ordered

Baldwin to show cause "why she should not be barred from filing any further cases in federal court

without obtaining prior approval from a federal district or magistrate judge no later than 14 days

from the date of her receipt of this Order." (Dkt. 34). Baldwin received that Order on February 24,

2020. (Cert. Mail Receipt, Dkt. 37). Her motion, filed March 4, 2020, asserts that it is also a response

to the order to show cause. (Dkt. 38 at 1).

After considering the record—including this and related cases' procedural histories and

Baldwin's individual history as a litigant—as well as the facts and the relevant law, the Court denies

Baldwin's motion and bars her from filing in this Court without obtaining prior approval from a

federal district or magistrate judge.

Baldwin states that she seeks relief under Federal Rule of Civil Procedure 60(a), which

governs corrections based on "clerical mistake[s]" or "mistake[s] arising from oversight or

1

omission." (*See* Mot., Dkt. 38, at 1, 13). But the omissions Baldwin alleges do not fall within the ambit of Rule 60(a). (*See* Mot., Dkt. 38, at 7–13). The alleged omissions or clerical errors—many of which are actually arguments that the Court incorrectly ruled against Baldwin—are on the whole illusory. Consequently, none have "cause[d] the judgment to inaccurately reflect the results of the court's adjudication," which could justify an amended judgment under Rule 60(a). *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 191 (5th Cir. 2011). Rule 60(b) allows for only "a specific and very limited type of relief": when "the judgment simply has not accurately reflected the way in which the rights and obligations of the parties have in fact been adjudicated." *Id.* at 192 (quoting *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002); *In re Frigitemp Corp.*, 781 F.2d 324, 327 (2d Cir. 1986)). "Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)s scope; missteps involving substantive legal reasoning are not." *Id.* at 194. Baldwin therefore cannot obtain this form of relief.

Nor can Baldwin obtain a more general relief of reconsideration or vacating the final judgment. To the extent that this is the form of relief she requests, "the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration." *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A motion made under Rule 59(e)—that is, one requesting a new trial or for the court to alter or amend its judgment—"is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, it serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Courts must consider the tension between "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Id.* The Fifth Circuit has cautioned that

"[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

Here, there is no meaningful difference between Baldwin's claims in this case at the time the Court granted OIEC's motion to dismiss and her claims as she describes them now. The reasoning in the Court's Order, (Dkt. 34) applies with equal force here. Baldwin's motion does not present any "manifest errors of law or fact" or "newly discovered evidence." *Templet*, 367 F.3d at 479. She has not met the high threshold necessary to vacate the judgment.

Additionally, the Court concludes that Baldwin has not shown adequate cause "why she should not be barred from filing any further cases in federal court without obtaining prior approval from a federal district or magistrate judge." (Dkt. 34 at 12). The Court has repeatedly and expressly warned Baldwin that continuing to file frivolous, vexatious, harassing, or duplicative cases would lead to sanctions or a prefiling injunction. (*Id.* at 11). As the Court previously stated, "[u]nless Baldwin can show cause otherwise, an injunction is wholly appropriate here." (*Id.*).

Accordingly, **IT IS ORDERED** that Baldwin's Motion to Vacate Order and Motion to Reopen, (Dkt. 38), is **DENIED**.

**IT IS FURTHER ORDERED** that Baldwin is **BARRED FROM FILING** complaints, removing cases, or otherwise initiating litigation in the Western District of Texas without obtaining prior approval from a federal district or magistrate judge in the District. Baldwin may not file anything further in this case except, if she chooses, a notice of appeal.

**IT IS FINALLY ORDERED** that the Clerk's Office mail a copy of this Order to Baldwin via certified mail at her provided address: 3629 Cedartown Street, Las Vegas, NV 89129.

**SIGNED** on March 24, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LINDA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:18-CV-996-RP |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court are Plaintiff Linda Baldwin's ("Baldwin") motion to correct clerical

omission nunc pro tunc, (Mot. Nunc Pro Tunc, Dkt. 50), motion for a new trial, (Mot. New Trial,

Dkt. 52), and partial motion for summary judgment, (Mot. Summ. J., Dkt. 55). The Court dismissed

this action for lack of jurisdiction, (Order, Dkt. 40), and entered final judgment in this matter on July

12, 2019, (Final J., Dkt. 41). Baldwin appealed this Court's decision, (Not. Appeal, Dkt. 42), and the

Fifth Circuit dismissed her appeal on December 11, 2020, (Mandate, Dkt. 49). Baldwin is proceeding

pro se in this matter. Defendant Zurich American Insurance Company ("Zurich") timely responded

to Baldwin's first motion to correct clerical error, (Resp., Dtkt. 51), but did not respond to her other

motions. *See* W.D. Tex. Loc. R. CV-7(e)(2). After considering Baldwin's arguments, the record, and

the relevant law, the Court denies Baldwin's motions.

As an initial matter, the Court notes that Baldwin's motion to correct clerical error, which

asks this Court to "reinstate" her case, is not the proper vehicle for the relief she seeks. (Dkt. 50, at

7). Under Federal Rule of Civil Procedure 60(a), a party can ask a district court to correct clerical

errors in a judgment caused by mistake, oversight, or omission. *In re West Tex. Mktg. Corp.*, 12 F.3d

497, 503 (5th Cir. 1994). Yet here, Baldwin seeks substantive relief in seemingly asking this Court to

allow her to "re-file her appeal" because she "has a colorable constitutional claim for violation of her

due process rights." (Dkt. 50, at 1, 4). Perhaps realizing this motion was the improper vehicle for the relief she seeks, Baldwin subsequently filed a one-sentence motion for a new trial, asking this Court to consider her motion "under the Nunc Pro Tunc," which the Court will presume means that Baldwin asks the Court to consider her previous motion as a motion for a new trial. (Dkt. 52).

Although Federal Rule of Civil Procedure 59(a) allows a district court to grant a new trial, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999). Baldwin has not met his burden. Defendants presented evidence sufficient to support this Court's finding that it lacks jurisdiction over Baldwin's claims, and Baldwin has provided no evidence of prejudicial error. In fact, it is not clear that this Court has the power to grant Baldwin's requested relief—allowing her to re-file her appeal with the Fifth Circuit. Furthermore, a motion for a new trial must be filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 59(b). Baldwin's motion for a new trial is thus also untimely. As such, the Court will deny Baldwin's motion for a new trial.

The Court will also deny Baldwin's motion for partial summary judgment, as it was filed after final judgment was entered in this case. (Final J., Dkt. 41 (filed 7/12/19)), Mot. Summ. J., Dkt. 55 (filed 2/4/21)); *see also Williams v. AT&T Telecommunications*, 2015 WL 12916322, at *2 (S.D. Miss. Apr. 3, 2015) ("[Plaintiffs'] Motion for Summary Judgment was denied on the grounds it was filed after Final Judgment had been entered.").

Accordingly, **IT IS ORDERED** that Baldwin's motion to correct clerical omission nunc pro tunc, (Dkt. 50), and motion for a new trial, (Dkt. 52), are **DENIED**. Her motion for partial summary judgment, (Dkt. 55), is also **DENIED**.

**IT IS FURTHER ORDERED** that Baldwin is **BARRED FROM FILING** anything further in this action.

Baldwin is **HEREBY WARNED** that if she violates the terms of this order by filing anything further in this matter, the Court may impose monetary sanctions or bar Baldwin from bringing any future action in this court without prior leave.

**IT IS FURTHER ORDERED** that the Clerk's Office mail a copy of this Order to Ms. Baldwin via certified mail. Ms. Baldwin's address is 3629 Cedartown Street, Las Vegas, Nevada 89129.

**SIGNED** on March 25, 2021.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT

# B

**Senator Grassley**
**Questions for the Record**

**Robert Pitman,**
**Nominee, U.S. District Judge for the Western District of Texas**

1. **You were reversed in *Jennings v. Owens*. The Fifth Circuit held that the plaintiff did not show he had a liberty interest that was infringed in violation of his rights.**

   a. **What factors did you consider in this case?**

   Response: In this case, I engaged the two-step inquiry prescribed by *Coleman v. Dretke*, 395 F.3d 216 (5th Cir. 2004), relating to certain classes of convicted persons who maintain a liberty interest giving rise to a right to procedural due process before the imposition of sex offender parole conditions. The first step consisted of a determination as to whether the plaintiff had such a liberty interest. Consistent with *Coleman*, I considered whether the conditions constituted a dramatic departure from the basic conditions of release. Having so found, I then engaged in the second step of the inquiry: whether the state provided constitutionally sufficient procedures before imposing the conditions.

   b. **In retrospect, do you agree with the Fifth Circuit's ruling?**

   Response: As a result of the Fifth Circuit's ruling in *Jennings*, I now understand the Fifth Circuit's ruling in *Coleman* to exclude defendants who at any time in the past had been convicted of a sex offense from the category of persons who retain a liberty interest, and thus a right to due process, in the imposition of sex offender conditions. If confirmed, I will follow Fifth Circuit precedent as to this issue, as well as all others with which I am presented as a trial judge.

2. **What is the most important attribute of a judge, and do you possess it?**

   Response: I believe the most important attribute of a judge is integrity. For a judge, integrity means strictly adhering to the rule of law and rendering fair and impartial decisions. I believe that I demonstrated this attribute during my tenure as a magistrate judge, and I am committed to doing the same should I be confirmed as a district judge.

3. **Please explain your view of the appropriate temperament of a judge. What elements of judicial temperament do you consider the most important, and do you meet that standard?**

   Response: I believe that a judge should be diligent, decisive, humble and even-tempered. As a magistrate judge, I was committed to treating all who appeared in my court with respect and civility, and to giving them a full and meaningful opportunity to be heard, and I am committed to doing the same should I be confirmed as a district judge.

4.   **In general, Supreme Court precedents are binding on all lower federal courts and Circuit Court precedents are binding on the district courts within the particular circuit. Please describe your commitment to following the precedents of higher courts faithfully and giving them full force and effect, even if you personally disagree with such precedents?**

Response:  If confirmed as a district judge, I pledge to follow the precedents of the Supreme Court and the Fifth Circuit Court of Appeals without any regard to any personal views I might have, and I believe I did so during the eight years I served as a magistrate judge.  I believe that confidence in the judicial system depends on the consistent and unbiased application of precedent.

5.   **At times, judges are faced with cases of first impression. If there were no controlling precedent that was dispositive on an issue with which you were presented, to what sources would you turn for persuasive authority?  What principles will guide you, or what methods will you employ, in deciding cases of first impression?**

Response:  In a case of first impression, I would first focus on the text of the statute, regulation or rule.  If the language was clear and unambiguous, I would apply the plain meaning of the text, employing canons of construction approved by the Supreme Court and the Fifth Circuit.  If the language was ambiguous, I would look to Supreme Court and Fifth Circuit opinions in which those courts interpreted similar or analogous language. In the absence of such guidance, I would look to opinions of courts of other jurisdictions addressing similar or analogous language.

6.   **What would you do if you believed the Supreme Court or the Court of Appeals had seriously erred in rendering a decision?  Would you apply that decision or would you use your best judgment of the merits to decide the case?**

Response:  In all cases, I would apply the precedents of the Supreme Court and Fifth Circuit Court of Appeals regardless of whether or not I agreed with those decisions.

7.   **Under what circumstances do you believe it appropriate for a federal court to declare a statute enacted by Congress unconstitutional?**

Response:  I would begin the analysis with the presumption that statutes enacted by Congress are constitutional. Only in cases where Congress has exceeded its authority under the Constitution or where the statute violates a provision of the Constitution should a statute be held unconstitutional; and then only when the resolution of the case requires reaching the Constitutional question.

8.   **In your view, is it ever proper for judges to rely on foreign law, or the views of the "world community", in determining the meaning of the Constitution? Please explain.**

Response:  No.

2

9.   **What assurances or evidence can you give this Committee that, if confirmed, your decisions will remain grounded in precedent and the text of the law rather than any underlying political ideology or motivation?**

Response: My record as a magistrate judge demonstrates my commitment to follow precedent and, if confirmed as a district judge, I pledge to follow precedent strictly and without any regard to political ideology or motivation.

10.  **What assurances or evidence can you give the Committee and future litigants that you will put aside any personal views and be fair to all who appear before you, if confirmed?**

Response: I believe my record as a magistrate judge demonstrates my commitment to be fair to every litigant who appears before me and to apply the law without any regard to any personal beliefs, and I pledge to do the same if confirmed as a district judge.

11.  **If confirmed, how do you intend to manage your caseload?**

Response: As a magistrate judge, I endeavored to manage my caseload efficiently and effectively, while ensuring that the parties were given a full and fair opportunity to litigate their cases. If confirmed, I will manage my caseload in accordance with the Federal Rules of Procedure and the Local Rules of the Western District of Texas. I will set reasonable but firm deadlines, making an effort to accommodate the needs of the parties, and will make prompt rulings following careful consideration.

12.  **Do you believe that judges have a role in controlling the pace and conduct of litigation and, if confirmed, what specific steps would you take to control your docket?**

Response: I believe judges have an important role in controlling the pace of litigation, ensuring that litigants have the opportunity to fully avail themselves of the process, while being mindful of the importance of case resolution to the overall system. If confirmed, I will utilize scheduling orders and status conferences to ensure that cases are progressing efficiently, taking appropriate account of the needs of the parties. I will rule on motions promptly so that no undue delays are attributable to the court.

13.  **As a judge, you have experience deciding cases and writing opinions. Please describe how you reach a decision in cases that come before you and to what sources of information you look for guidance.**

Response: After determining the question presented, I would make a fair and impartial evaluation of the facts. I would then apply the relevant law according to precedent. Finally, I would endeavor to communicate my decision and the reasons underlying it in a clear and concise manner.

14.  **President Obama said that deciding the "truly difficult" cases requires applying "one's deepest values, one's core concerns, one's broader perspectives on how the**

world works, and the depth and breadth of one's empathy . . . the critical ingredient is supplied by what is in the judge's heart." Do you agree with this statement?

Response: I believe that judges should apply the law according to precedent and without regard to personal beliefs or biases.

15. Every nominee who comes before this Committee assures me that he or she will follow all applicable precedent and give them full force and effect, regardless of whether he or she personally agrees or disagrees with that precedent. With this in mind, I have several questions regarding your commitment to the precedent established in *United States v. Windsor*. Please take any time you need to familiarize yourself with the case before providing your answers. Please provide separate answers to each subpart.

a. In the penultimate sentence of the Court's opinion, Justice Kennedy wrote, "This opinion and its holding are confined to those lawful marriages."[1]

   i. Do you understand this statement to be part of the holding in *Windsor*? If not, please explain.

   Response: Yes.

   ii. What is your understanding of the set of marriages to which Justice Kennedy refers when he writes "lawful marriages"?

   Response: I understand the term "lawful marriages" to refer to marriages that are made lawful by individual states.

   iii. Is it your understanding that this holding and precedent is limited only to those circumstances in which states have legalized or permitted same-sex marriage?

   Response: Yes.

   iv. Are you committed to upholding this precedent?

   Response: Yes.

b. Throughout the Majority opinion, Justice Kennedy went to great lengths to recite the history and precedent establishing the authority of the separate States to regulate marriage. For instance, near the beginning, he wrote, "By history and tradition the definition and regulation of marriage, as will be discussed in more detail, has been treated as being within the authority and realm of the separate States."[2]

---

[1] *United States v. Windsor*, 133 S.Ct. 2675 at 2696.
[2] *Id.* 2689-2690.

4

      i. **Do you understand this portion of the Court's opinion to be binding Supreme Court precedent entitled to full force and effect by the lower courts? If not, please explain.**

      Response: Yes.

      ii. **Will you commit to give this portion of the Court's opinion full force and effect?**

      Response: Yes.

c. **Justice Kennedy also wrote, "The recognition of civil marriages is central to state domestic relations law applicable to its residents and citizens."[3]**

      i. **Do you understand this portion of the Court's opinion to be binding Supreme Court precedent entitled to full force and effect by the lower courts? If not, please explain.**

      Response: Yes.

      ii. **Will you commit to give this portion of the Court's opinion full force and effect?**

      Response: Yes.

d. **Justice Kennedy wrote, "The definition of marriage is the foundation of the State's broader authority to regulate the subject of domestic relations with respect to the '[p]rotection of offspring, property interests, and the enforcement of marital responsibilities.'"[4]**

      i. **Do you understand this portion of the Court's opinion to be binding Supreme Court precedent entitled to full force and effect by the lower courts? If not, please explain.**

      Response: Yes.

      ii. **Will you commit to give this portion of the Court's opinion full force and effect?**

      Response: Yes.

e. **Justice Kennedy wrote, "The significance of state responsibilities for the definition and regulation of marriage dates to the Nation's beginning; for 'when the**

---

[3] *Id.* 2691.
[4] *Id.* (internal citations omitted).

Constitution was adopted the common understanding was that the domestic relations of husband and wife and parent and child were matters reserved to the States.'"[5]

    i.  **Do you understand this portion of the Court's opinion to be binding Supreme Court precedent entitled to full force and effect by the lower courts? If not, please explain.**

    Response: Yes.

    ii.  **Will you commit to give this portion of the Court's opinion full force and effect?**

    Response: Yes.

16.  **According to the website of American Association for Justice (AAJ), it has established a Judicial Task Force, with the stated goals including the following: "To increase the number of pro-civil justice federal judges, increase the level of professional diversity of federal judicial nominees, identify nominees that may have an anti-civil justice bias, increase the number of trial lawyers serving on individual Senator's judicial selection committees".**

    a.  **Have you had any contact with the AAJ, the AAJ Judicial Task Force, or any individual or group associated with AAJ regarding your nomination? If yes, please detail what individuals you had contact with, the dates of the contacts, and the subject matter of the communications.**

    Response: No.

    b.  **Are you aware of any endorsements or promised endorsements by AAJ, the AAJ Judicial Task Force, or any individual or group associated with AAJ made to the White House or the Department of Justice regarding your nomination? If yes, please detail what individuals or groups made the endorsements, when the endorsements were made, and to whom the endorsements were made.**

    Response: No.

17.  **Please describe with particularity the process by which these questions were answered.**

    Response: I received these questions on September 16, 2014. I reviewed the questions and prepared the attached responses. My responses were then submitted to the Office of

---

[5] *Id.* (internal citations omitted).

Legal Policy of the Department of Justice.  After discussing my responses with an official with the OLP, I finalized them and requested that they be forwarded to the Committee.

**18.**  **Do these answers reflect your true and personal views?**

Response:  Yes.

# EXHIBIT

# C

*A*

0Linda Baldwin
601 B. Rollingway Drive
Round Rock, Texas 78681
(512) 225-4462

*B*

November 9, 2018

U.S. District Judge, Robert Pitman
501 West 5th Street
Suite 5300,
Austin, TX 78701

A new Trial

Dear Judge, Robert Pitman:

I would like to take the time and the effect to let you know how I appreciate your

thoughtfulness, respect, ethical and fairness throughout my trail. But unfortunately, there are

somethings I did not agree with in the docketing of my case under case number 1:17-CV-00149

@ docket 1 in which prejudice my case and dismissed closed lack of Jurisdiction.

I believe the Clerk that filled out the civil sheet and docketed my case under federal

question in which I lived in Las Vegas, Nevada at that time, instead of Diversity really confused

me concerning my case as pro se nor did I understand it. I believe the clerk had no intention of

doing any harm to me.

So therefore, I am asking the court for new trail with the attachment of my civil docking

sheet, Petition for your review and a Summon notice. I really, appreciate this court hard effort in

working on my many cases.

Sincerely,

1



FIRMLY TO SEAL

U.S. POSTAGE PAID
PM 2-DAY
LAS VEGAS, NV
89030
NOV 10 18
AMOUNT
**$6.70**
1008    78701    R2305E125622-07

# PRIORITY
## ★ MAIL ★

▦ DATE OF DELIVERY SPECIFIED*

📶 USPS TRACKING™ INCLUDED*

$ INSURANCE INCLUDED*

🚚 PICKUP AVAILABLE

* Domestic only

**EXPECTED DELIVERY DAY: 11/13/2018**

**USPS TRACKING NUMBER**



9505 5100 4844 8314 4780 97

FRO **PRIORITY**
**★ MAIL ★**

**UNITED STATES**
**POSTAL SERVICE ®**
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Linda Baldwin
601 B. Rolling Way Drive
Round Rock, Texas 78681

TO: U.S. Distrist Judge Robt
Pitman
501 West 5th Street
Suite 5300
Austin Texas
78701



Label 228, March 2016        FOR DOMESTIC AND INTERNATIONAL USE

P S 00001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE

**UNITED STATES**
**POSTAL SERVICE.**

20-50293.33

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Linda Baldwin
601 B. Rollingway Drivek, Texas 78681

**DEFENDANTS**
Zurich American Insruance Company
15303 Dallas Park Way, Addison, Texas 75001

**(b)** County of Residence of First Listed Plaintiff   Williamson, Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Dallas, Texas
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*
Mr. Blair C. Dancy, Legal Counselmen

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

Click here for: Nature of Suit Code Descriptions.

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☒ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Misrepersentation 541.060, 541.061
Brief description of cause:
Failure to pay claims

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE Pitman
DOCKET NUMBER 1:17-cv-00149

DATE   November 10, 2018
SIGNATURE OF ATTORNEY OF RECORD   Linda Baldwin

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

20-50293.31

# EXHIBIT

# D



ExB

[Latin] (17c) *Hist.* A writ that lay for the Crown's ward, to be free from all suit during wardship.

***exoneratione sectae ad curiam baron*** (eg-zon-ə-ray-shee **oh**-nee **sek**-tee ad kyoor-ee-əm **bar**-ən). [Latin "by exoneration of the suit to the lord's court"] (1829) *Hist.* A writ issued by the guardian of the Crown's ward, forbidding the sheriff or steward of a particular court from distraining or taking other action against the ward.

**exonerative fact.** See FACT.

**exoneree** (eg-**zon**-ə-ree), *n.* (2009) *Slang.* Someone who is relieved of blame, responsibility, or accusation; esp., someone who is officially cleared from a wrongful criminal conviction. See EXONERATE (2).

***exoneretur*** (eg-zon-ə-**ree**-tər). *Hist.* [Latin "let him be relieved or discharged"] (1824) A note, recorded on a bailpiece, of a court order to release a bail obligation after the court has sentenced the defendant to prison. Cf. BAILPIECE (1).

**exor.** *abbr.* EXECUTOR.

**ex. ord.** (*often cap.*) *abbr.* EXECUTIVE ORDER.

**exordium** (eg-**zor**-dee-əm). [Latin] (16c) An introduction in a discourse or writing, esp. in a will. ● In a will, the exordium usu. contains statements of the testator's name and capacity to make the will. — Also termed *exordium clause*; *introductory clause.* See INTRODUCTORY CLAUSE.

**exotics.** See *invasive species* under SPECIES (1).

**exotic species.** See *alien species* under SPECIES (1).

***ex paritate rationis*** (eks par-ə-**tay**-tee ray-shee-**oh**-nis *or* rash-ee-). [Law Latin] (17c) *Hist.* By a parity of reasoning.

**ex parte,** *adj.* (17c) Done or made at the instance and for the benefit of one party only, and without notice to, or argument by, anyone having an adverse interest; of, relating to, or involving court action taken or received by one party without notice to the other, usu. for temporary or emergency relief <an ex parte hearing> <an ex parte injunction>. ● Despite the traditional one-sidedness of ex parte matters, some courts now require notice to the opposition before what they call an "ex parte hearing." — Sometimes spelled *exparte.* — **ex parte,** *adv.*

**ex parte** (eks **pahr**-tee), *adv.* [Latin "from the part"] (18c) On or from one party only, usu. without notice to or argument from the adverse party <the judge conducted the hearing ex parte>.

**ex parte application.** See *ex parte motion* under MOTION (1).

**ex parte communication.** See COMMUNICATION.

**ex parte divorce.** See DIVORCE.

**ex parte hearing.** See *ex parte proceeding* under PROCEEDING.

**ex parte injunction.** See INJUNCTION.

***ex parte materna*** (eks **pahr**-tee mə-**tor**-nə). [Latin] (1787) On the mother's side; of the maternal line.

**ex parte motion.** See MOTION (1).

**ex parte order.** See ORDER (2).

**ex parte trial.** See TRIAL.

**expatriate** (eks-**pay**-tree-ət), *n.* (18c) An expatriated person; esp., a person who lives permanently in a foreign country.

**expatriate** (eks-**spay**-tree-ayt), *vb.* (1812) 1. To withdraw (oneself) from residence in or allegiance to one's native country; to leave one's home country to live elsewhere. 2. To banish or exile (a person). — **expatriation,** *n.*

**expectancy,** *n.* (1811) 1. *Property.* An estate with a reversion, a remainder, or an executory interest. 2. *Wills & estates.* The mere hope or probability of inheriting; specif., possibility that an heir apparent, an heir presumptive, or presumptive next of kin will acquire property by devolution on intestacy, or the possibility that a presumptive beneficiary will acquire property by will. — Also termed *bare expectancy.* Cf. *vested interest* under INTEREST (2). 3. *Insurance.* The probable number of years in one's life. See LIFE EXPECTANCY.

**expectancy damages.** See *expectation damages* under DAMAGES.

**expectancy table.** See MORTALITY TABLE.

**expectant,** *adj.* (14c) Having a relation to, or being dependent on, a contingency; CONTINGENT.

**expectant beneficiary.** See *expectant distributee* under DISTRIBUTEE.

**expectant distributee.** See DISTRIBUTEE.

**expectant estate.** See *future interest* under INTEREST (2).

**expectant heir.** See HEIR.

**expectant interest.** See *future interest* under INTEREST (2).

**expectant right.** See RIGHT.

**expectation,** *n.* (16c) 1. The act of looking forward; anticipation. 2. A basis on which something is expected to happen; esp., the prospect of receiving wealth, honors, or the like.

> "[E]xpectation does not in itself amount to intention. An operating surgeon may know very well that his patient will probably die of the operation; yet he does not intend the fatal consequence which he expects. He intends the recovery which he hopes for but does not expect." John Salmond, *Jurisprudence* 379–80 (Glanville L. Williams ed., 10th ed. 1947).

▸ **legitimate expectation.** (18c) Expectation arising from the reasonable belief that a private person or public body will adhere to a well-established practice or will keep a promise.

**expectation damages.** See DAMAGES.

**expectation interest.** See INTEREST (2).

**expectation loss.** See *benefit-of-the-bargain damages* under DAMAGES.

**expectation of life.** See LIFE EXPECTANCY.

**expectation of privacy.** (1965) A belief in the existence of the right to be free of governmental intrusion in regard to a particular place or thing. ● To suppress a search on privacy grounds, a defendant must show the existence of the expectation and that the expectation was reasonable.

# EXHIBIT

# E

Case 1:23-cv-00426-DAE   Document 1   Filed 04/14/23   Page 36 of 111
Case 1:18-cv-00996-RP   Document 26-1   Filed 03/29/19   Page 25 of 96
Case 1:17-cv-00149-RP   Document 49   Filed 05/11/18   Page 1 of 2

*C*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LINDA BALDWIN,                    §
                                  §
        Plaintiff,                §
                                  §
v.                                §          1:17-CV-149-RP
                                  §
ZURICH AMERICAN INSURANCE CO.,    §
                                  §
        Defendant.                §

## ORDER

Before the Court are Plaintiff Linda Baldwin's ("Baldwin") Motion For Relief Under Rule 60 and Motion to Strike Under Rule 12(f), (Dkt. 42), and Motion for Appointment of Counsel and Declaration of Good Faith Efforts to Obtain Counsel, (Dkt. 45).

The Court has already dismissed this action for lack of subject matter jurisdiction because Baldwin's claims fall within the exclusive jurisdiction of the Texas Workers' Compensation Division. (Dkt. 31, at 4–8). Baldwin then filed a motion for reconsideration asking the Court to exercise supplemental jurisdiction over her claims, (Dkt. 32), which the Court denied, (Dkt. 41). Baldwin now asks the Court to again reconsider its decision because she believes the Court has diversity jurisdiction over this action. (Second Mot. Reconsider, Dkt. 42, at 2–3). Nothing in Baldwin's motion alters the Court's determination that it lacks jurisdiction over her claims because the Texas Workers' Compensation Division has exclusive jurisdiction over them. (Dkt. 31, at 4–8). Baldwin's motion for reconsideration is therefore denied.

Baldwin also asks the Court to appoint counsel to represent her. (Mot. Appoint, Dkt. 45). Although 28 U.S.C. § 1915(e) authorizes appointment of an attorney to represent an indigent party, there is no right to the automatic appointment of counsel in civil cases. *Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990). A court is not required to appoint counsel for an indigent

Case 1:23-cv-00426-DAE   Document 1   Filed 04/14/23   Page 37 of 111
Case 1:18-cv-00996-RP   Document 26-1   Filed 03/29/19   Page 26 of 96
Case 1:17-cv-00149-RP   Document 49   Filed 05/11/18   Page 2 of 2

plaintiff absent exceptional circumstances. *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

Whether exceptional circumstances exist depends on "the type and complexity of the case and the

abilities of the individual pursuing that case." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Here, the

Court has determined that it lacks subject matter jurisdiction over Baldwin's claims and therefore

finds no justification to appoint counsel to represent her.

     For these reasons, **IT IS ORDERED** that Baldwin's motion for reconsideration, (Dkt. 42),

and motion for appointment of counsel, (Dkt. 45), are each **DENIED**.

     **SIGNED** on May 11, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

20-50293.657

# EXHIBIT

# F

UNITED STATES DISTRICT COURT
WESTERN DISTRICT
AUSTIN, TEXAS

**FILED**

DEC 1 7 2018

CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

LINDA BADIWN,                    §
PLAINTIFF                        §
                                 §

Vs.                              §    A: 18-CV-0996 RP
                                 §
ZURICH AMERICA INSURANCE CO.     §

DEFENDANT

AMENED

**PLAITIFF ORIGINAL PETITON & NON JURY TRIAL**

    **To the Honorable Judge of said Court: Now, Come, Linda Baldwin
pro se, (1). Permission to file litigation (2). Has not filed to harass. (3).
has not file to delay.**

    To the honorable Judge of said Court:  Plaintiff, Linda Baldwin, Pro se file of her claim

against Zurich American Insurance Company and would respectfully shoe the following:

**DISCOVERY CONTROL PLANS**

1.  Baldwin intends to conduct discovery under Level 2 of Texas Federal Rule of Civil

Procedure 190.

2.  Ms. Baldwin is the resident and citizen of Williamson County, Texas.

3.  Defendant, Zurich American Insurance Company is a Texas Company with 15303

1

20-50293.45

Dallas Parkway # 800 Addison, TX 75001. The insurer created and operated under the law of the State of Texas, and services of process may be accomplished by services its registered agent at 221 West 6th Street suite 300, Austin, Texas 78701.

## VENUE & JURISDCTION

This Court has Jurisdiction pursuant to the following:

4.   a.  U.S.C. §1331, which gives District Courts Original Jurisdiction over civil arising Under the Constitution, laws or treaties of the United States; 28 U.S.C. § 1343 (3) and (4), which gives district court's jurisdiction over Action to secure civil rights extended by the Unites States Government; 28 U.S.C. §1367, which gives the district court supplement jurisdiction over state law claims.

5.   Venue is appropriate in this judicial district under 28 U.S.C. § 1391 (b) because the Event that gave rise to this Complaint occurred in this District. Further, investigation, including communication to and from Defendants, the Texas Worker's Compensation Commission, and (including telephone calls, mailings and other communication to Plaintiff's to her and health care provider) occurred in Travis County Texas. Ms. Baldwin sues for damages in excess of 75,000, and Jurisdiction is proper in this Court.

## CAUSES OF ACTION MISREPERSENTATION

### Section 541.060

Chapter 541 of the Insurance Code as it entitled "Unfair Methods of Competition and Unfair or Deceptive Acts or Practices." Baldwin brings the claims for violations of Sections 541.060 and 541.061, for which section 541.151 provides a private cause of action. Section 541.060, as relevant to Ms. Baldwin's claims, provides as follows:

Unfair Settlement Practices

2

20-50293.46

(a) It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices on a claim by an insured or beneficiary:

 Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(2). failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:

(A). a claim on which the insurer's liability has become reasonably clear;

(3). failing to promptly provide to a policyholder a reasonable explanation of the basis in the policy, about the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim; .

(7). Accepting and refusing to pay a claim after the without conducting a reasonable

Investigation on the claim. Tex. Ins. Code § 541.060.

The Texas Labor Code and Worker Compensation Division (WCD) rules set specific deadlines and procedures for both paying and denying workers' compensation claims and impose administrative penalties for failing to comply with them, allowing recovery under the Insurance Code. The Legislature has deemed to be adequate protections for workers provided a cause of action to a person who sustained actual damages as a result of an insurance carrier's deceptive acts or practices. Id. at 772.


 (2) Prohibiting those trade practices. Tex. Ins. Code § 541.001. The Chapter provides a private action for damages against someone who has engaged in a specified act or practice. Id. § 541.151. A plaintiff who prevails in such an action is entitled to actual damages and treble damages if the trier of fact finds that the defendant "knowingly" committed the act. Id. § 541.152.

The purpose of the Act is:

To provide employees with certainty that their medical bills and lost wages will be covered if they are injured. An employee benefits from workers' compensation insurance because

3

it saves the time and litigation expense inherent in proving fault in a common law tort claim. But a subscribing employer also receives a benefit because it is then entitled to assert the statutory exclusive remedy defense against the tort claims of its employees for job-related injuries.

## FACTUAL BACKGROUND

6. This suit is necessary to collect a legal debt and damages due and owing to Ms. Baldwin Because of the Misrepresentation and violation by the Defendant, Zurich American Insurance, Company, in failing to properly investigate and wrongly delaying payment of worker's compensation benefits due to Ms. Baldwin.

7. On or about October 16, 2016 a contested case hearing was held in Linda Baldwin, Claimant vs. Defendant Zurich American Insurance Company, Carrier in which Ms. Baldwin was denied Worker compensation benefit's after Defendant had acceptance of her claim's on or about August 15, 2016, under claim number 12185641, 1148351 and DWC number 08103562 to incorporate into an agreement see exhibit A. On October 9, 2018 Defendant Zurich American Insurance Company denied Ms. Baldwin all of claims. See exhibit B. 541.061 (a) it is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices on a claim by an insured or beneficiary: **1)** making an untrue statement of material fact; **(2)** failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; **(3)** making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; **(4)** making a material

4

misstatement of law; or **(5)** failing to disclose a matter required by law to be disclosed, including

failing to make a disclosure in accordance with another provision of this code.

8.  Ms. Baldwin, was a loyal hard-working employee at her former employer

Extended Stay America HVM, Company and was hired in 2004 and injured in March 1, 2006,

August 18, 2006 and August 21, 2007, and continued to have medical necessity as of this date

while working as a Laundry and Guest Service Representative until she was terminated in 2008

due to her injuries denied workers compensation benefits October 19, 2016.

9.  The Defendant rather than properly investigate Ms. Baldwin claims to

ensure Ms. Baldwin would receive the medical bills payments and other benefits to which she

was entitled as beneficiary of the workers' compensation insurance from employer Extended

Stay America, HVM Company as an employee but unfortunately Zurich American, Insurance

Company chose to instead to avoid and delay meeting legal obligations and harassment to Ms.

Baldwin.

10. The Defendant, Zurich American Insurance Company without reasonable

basis, choses to deny timely payment of benefits and continually deny necessary medical

treatment to Ms. Baldwin until finally agreeing to do so, much later, in an agreement. A simple

and unbiased investigation would have definitely confirmed Ms. Baldwin injuries and for

treatment for promptly reported injuries and surgery to her left foot and elbow delay in her

medical care and income benefits.

11. The Defendant, Zurich American Insurance Company doctors have confirmed Plaintiff

Linda Baldwin injuries and timely pay medial and income benefits with exercise of minimal

effort, but instead Defendant, Zurich American Insurance Company has accepted Ms. Baldwin's

5

claims on or about August 9, 2016 and denied All Ms. Baldwin's claims on or about October 16,

2016 but wrongfully and unreasonable deny all medical care and treatment of Ms. Baldwin -

injuries a necessary income benefits were delayed, resulting in substantial financial hardship and

continued medical problems from her a long untreated medical condition to Ms. Baldwin.

12. The Defendant, Zurich American Insurance Company  failure to disclose

why they accepted Ms. Baldwin on August 9, 2016 after she reported her injuries within a timely

manner to her former employer and later denied her claim in violation of Texas Insurance Code

Art. 541.061 (1) (3) (5).

13. The Defendant, Zurich American Insurance Company to date, have delayed

income payments led to Ms. Baldwin depleting her saving and retirement benefits, being behind

on everything including the loss of her home.


### FIRST CAUSES OF ACTION-Violation of the Texas Insurance Code

14. The Defendant, Zurich American Insurance, Company failed to attempt to

effectuate a prompt, fair, and Equitable   settlement of a claim with the respect to which liability

has become reasonably clear, in violation of Texas Insurance Code § 541.060. (a) (2).

15. The Defendant, Zurich American Insurance, Company failed to adopt and

Implement reasonable Standard for prompt investigation of claims arising under its polices.

16. Zurich American Insurance, Company failed to provide promptly a

reasonable Investigation for accepting and denying of her claims arising under its polices.

17. The Defendant, Zurich American Insurance, Company failed to provide

6

20-50293.50

promptly a Reasonable Explanation, in relation to the facts or applicable law, for the accepting

and denial of claims, in violation of Texas Insurance Code Art.  After Ms. Baldwin reported her

injuries to her employer one day after her injuries on the job.

18. The Defendant Zurich American Insurance, Company accepted and refused

to pay a claim without conducting a Reasonable investigation with respect to the claim, in

violation of Texas Insurance Code Art.  Code § 541.060 (a) (2).

19. The Defendant Zurich American Insurance, Company misrepresented the

insurance policy under which it affords workers' compensation coverage to Ms. Baldwin, by

making an untrue statement of material fact, in violation of the Texas Insurance Section. *541.060*

*(a)*.

20. The Defendant, Zurich American Insurance, Company misrepresented the

insurance policy under which afford workers' compensation coverage to Ms. Baldwin, by failing

to state a true fact is necessary to make other statement made not misleading, in violation of

Texas Insurance Code Art.

21. The Defendant, Zurich American Insurance, Company misrepresented the

insurance policy which affords workers' compensation coverage to Ms. Baldwin, by making a

statement in such manner as to mislead prudent person to a false conclusion of material fact, and

failing to disclose required by law to be disclose after Ms. Baldwin filed her claims with her

employer one day after her injuries in violation which noted in her employment records in

*violation T*exas Insurance Code Art. 541.061 (A). (1) (3).

22. The Defendant, Zurich American Insurance, Company knowingly committed the

foregoing acts, with Actual knowledge of the falsity, unfairness, or deception of the foregoing

acts and practices, in violation of Texas Insurance 541.060 (a). (1).

7

20-50293.51

## SECOND CAUSES ACTION-Legal "Malice"

23. The Defendant, Zurich American Insurance, Company acted fraudulently and with malice (as the term is legally defined) in denying (or effectively denying by repeated delays) Ms. Baldwin's claims for worker compensation benefits.

24. The Defendant conduct when viewed objectively from its standpoint at the time of its occurrence involved an extreme degree of risk to Ms. Baldwin, considering the probability and magnitude of harm to Ms. Baldwin. Further, Defendant had actual, subjective awareness of risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Ms. Baldwin

### THIRD CAUSES OF ACTION-Violation of Texas DTPA

25. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional Protection to consumers who are victims of deceptive, improper, or illegal practice. Defendants' violation of the Texas Insurance Code created a causes of action under DTPA. Defendant violation of the Insurance Code, as well set forth herein, violated DTPA.

### RESULTING IN LEGAL DAMAGES

26. Ms. Baldwin is entitled to the actual damages resulting from the Defendant violations of the law. These damages include the consequential damages to her economic welfare from the wrongful denial and delay of the benefits; the mental anguish and physical suffering from this wrongful denial of benefits, and continued impact on the medial evaluation, treatments, and final prognosis, and the other damages permitted by law, in addition, Ms. Baldwin is entitling to exemplary damages.

27. As a result of Defendant act and/ omission, Plaintiff has sustained damages in excess Of the minimum jurisdictional limits of this Court.

8

20-50293.52

# EXHIBIT

# G

Case 1:23-cv-00426-DAE   Document 1   Filed 04/14/23   Page 48 of 111
Case 1:19-cv-00454-RP   Document 24-1   Filed 08/05/19   Page 2 of 3
Case 1:19-cv-00454-RP   Document 3-1   Filed 05/09/19   Page 2 of 40
Case 1:18-cv-00036-RP   Document 47   Filed 10/25/18   Page 1 of 2

*A*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LINDA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| KENT SULLIVAN, *in his official capacity as the* | § | 1:18-CV-36-RP |
| *Commissioner of the Texas Department of Insurance;* | § | |
| TEXAS DEPARTMENT OF INSURANCE, | § | |
| DIVISION OF WORKERS' | § | |
| COMPENSATION; and OFFICE OF | § | |
| INJURED EMPLOYEE COUNSEL; | § | |
| | § | |
| Defendants. | § | |

## ORDER

Plaintiff Linda Baldwin ("Baldwin") filed her Complaint on January 17, 2018. (Dkt. 1). On

October 15, 2018, the Court granted motions to dismiss filed by Defendants Kent Sullivan and

Texas Department of Insurance Division of Workers' Compensation. (Dkt. 44). At the time,

Defendant Office of Injured Employee Counsel ("OIEC")—the only remaining defendant—had

not yet been served or otherwise appeared in this action. Accordingly, the Court issued an order to

show cause for Plaintiff's failure to timely effectuate service pursuant to Federal Rule of Civil

Procedure 4(m). (Dkt. 44, at 12). The Court further warned that failure to do so may result in

dismissal of this action against that defendant. (*Id.*).

Baldwin responded to the Court's show cause order on October 24, 2018. (Dkt. 46). There,

she clarifies that she only intended to sue Kent Sullivan in his official capacity, she never added the

OIEC as a defendant, and including it was a "clerical error." (*Id.* at 1–2, 3). Baldwin explains that

including the OIEC was only a reference to Sullivan's job description. (*Id.* at 1–2). Thus, she asks the

Court to correct the clerical mistake pursuant to Federal Rule of Civil Procedure 60(a) ("The court

may correct a clerical mistake or a mistake arising from oversight or omission whenever one is

Case 1:23-cv-00426-DAE   Document 1   Filed 04/14/23   Page 49 of 111
Case 1:19-cv-00454-RP   Document 24-1   Filed 08/05/19   Page 3 of 3
Case 1:19-cv-00454-RP   Document 3-1   Filed 05/09/19   Page 3 of 40
Case 1:18-cv-00036-RP   Document 47   Filed 10/25/18   Page 2 of 2

found in a judgment, order, or other part of the record."). Based on this explanation, the Court

construes Baldwin's response as a notice of voluntary dismissal against the OIEC under Federal

Rule of Civil Procedure 41(a)(1)(A)(i). The OIEC has not been served, nor has it served an answer

or a motion for summary judgment.

Accordingly, the Court **ORDERS** that all claims brought by Baldwin against Defendant

OIEC in this action be **DISMISSED** without prejudice. *See* FED. R. CIV. P. 41(a)(1)(A)(i).

**IT IS FURTHER ORDERED** that this case is **CLOSED**; all open motions are

**DENIED AS MOOT**.

**SIGNED** on October 25, 2018.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

# EXHIBIT

# H

4. The Tort Claims Act includes a limited waiver of the state's immunity from suits
alleging (1) personal injury proximately caused by the wrongful act or omission or the
negligence of an employee acting within her scope of employment if the personal injury arises
from the operation or use of motor-driven equipment and the employee would be personally
liable to the claimant under Texas law;  or (2) personal injury so caused by a condition (
Punitive) or use of tangible personal or real property if the governmental unit, were it a private
person, would be liable to the claimant under Texas law.  See Tex. Civ. Prac. &Rem.Code Ann.
§§101.021, 101.025 (Vernon 2005); Act of May 17, 1985, 69th Leg., R.S., ch. 959, §1, 1985
Tex. Gen. Laws 3242, 3303 (current version at §101.022 (Vernon Supp.2008))

5. On January 17, 2019, Plaintiff Baldwin suffered personal injury of condition when the
Defendant failed to assist in her upcoming Appeal, which is a Violation of 42 1983 Title II of the
*( Punitive )*
Americans with Disabilities Act (ADA). The personal injury was caused by Condition by the
negligent operation by the Defendant. Plaintiff, Baldwin requested help because she is disabled,
nor was she represented by an Attorney, and the case was assigned to Ms. Chelsea Rogers.  In
addition, Plaintiff, Baldwin's Appeal was found untimely under the provision of section 410.169
or Section 410. 204.

6. The Appeal was under the causes of action 42 U.S.C. § 1983 People under Color for
claim number 12-185641 for date of injury on August 18, 2006. Accordingly Ms. Baldwin did
not have an attorney so she relied on the services of the Office of Injured Employee Counsel.
And because she was denied those services of an appeal, her medical treatment, doctor visits,
doctors and hospital bills payment are not paid," and it's has prolonged her worker's
compensation claims from Zurich American Insurance Company. The Defendant action toward
Ms. Baldwin was totally unjustified. And now, she have to pay word processor to assist her in

20-50284.538

# EXHIBIT

# I

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LINDA BALDWIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 1:19-CV-454-RP |
| | § | |
| OFFICE OF INJURED EMPLOYEE | § | |
| COUNSEL, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant Office of Injured Employee Counsel's ("OIEC") Motion to

Dismiss the Second Amended Complaint, (Dkt. 27), Plaintiff Linda Baldwin's ("Baldwin") Motion

with Objection to Squash [sic] Subpoena and Protection Order, (Dkt. 22), Baldwin's Objection and

Motion to Lift Stay, (Dkt. 30), and her second motion to lift stay, (Dkt. 33). The Court referred

these motions to United States Magistrate Judge Andrew W. Austin for report and recommendation

and disposition pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of

Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

(Dkt. 32). The Court withdraws that referral and enters the following Order.

### I. Background

Baldwin suffered an injury in 2006 while employed by Extended Stay America as a

housekeeping attendant. (2d Am. Compl., Dkt. 24, at 7; *see also* Dkt. 24-6). The timeline following

her injury is not fully clear from the complaint and attached exhibits. Baldwin applied for workers'

compensation benefits and sought assistance in March 2008 from the OIEC Ombudsman Program,

a state program that provides assistance to unrepresented injured employees seeking workers'

compensation. (*Id.*; *see also* Dkt. 24-2); TEX. LABOR CODE ANN. § 404.151(b). Baldwin participated in

case hearings before the Texas Department of Insurance Division of Workers' Compensation

1

("DWC") in 2012 and 2016. The DWC denied her request for workers' compensation, concluding that Baldwin did not sustain a compensable injury and that her employer's insurance carrier, Zurich American Insurance Company ("Zurich"), was not liable for any workers' compensation benefits because Baldwin had failed to timely notify her employer or file a timely DWC claim. (*See* Dkt. 24-3; 24-5; 24-9).

Baldwin filed a series of suits in Texas state courts arising from these facts.[1] The 53rd District Court of Travis County deemed Baldwin a Vexatious Litigant and barred her from filing new litigation. *Baldwin*, D-1-GN-13-002454 (Order, Sept. 12, 2013).[2]

Baldwin then turned her attention to federal court. She has now filed seven suits in federal court, asserting various claims against Extended Stay America, Zurich, the OIEC, and other parties involved in her workers' compensation claim. All but this case have been dismissed. *See Baldwin vs. Extended Stay America Co., HVM LLC*, Case No. 1:15-cv-269-RP (W.D. Tex. Apr. 8, 2015) (order finding her case frivolous pursuant to Section 1915(e) and dismissing the employment discrimination claim against Extended Stay America with prejudice, Dkt. 9; denying motion for reconsideration, Dkt. 14); *Baldwin v. Extended Stay Hotel Co./ HVM LLC*, Case No. 1:16-cv-405-RP (W.D. Tex. Mar. 24, 2016) (granting Baldwin's notice of voluntary dismissal and warning Baldwin that she may be enjoined from filing further suits upon a finding that Baldwin is "using the judiciary to manipulate or abuse justice," Dkt. 11, at 2); *Baldwin v. Extended Stay America/HVM*, Case No. 1:16-cv-604-RP (W.D. Tex. May 2, 2016) (finding her case frivolous pursuant to Section 1915(e); dismissing with

---

[1] *See Baldwin v. Zurich Am. Ins. Co.*, Cause No. D-1-GN-12-003139 (353rd Civ. Dist. Ct. Travis Cty. 2012); *Baldwin v. Zurich Am. Ins. Co.*, D-1-GN-13-001281 (261st Civ. Dist. Ct. Travis Cty. 2013); *Baldwin v. Zurich Am. Ins. Co.*, D-1-GN-13-002454 (53rd Civ. Dist. Ct. Travis Cty. 2013); *Baldwin v. Zurich Am. Ins. Co.*, D-1-GN-17-000151 (98th Civ. Dist. Ct. Travis Cty. 2017).

[2] After she was barred, Baldwin attempted to sue Zurich in Travis County a fourth time in 2017, asserting substantially the same claims and facts. (*See Baldwin v. Zurich Am. Ins. Co.*, D–1–GN–17–000151 (98th Civ. Dist. Ct., Travis County, Tex. 2017); (Dkt. 23-7). The court declined to grant Baldwin leave to file and dismissed Baldwin's claim. (*See* State Order, Dkt. 23-8).

20-50284.561

prejudice "all claims and causes of action" by Linda Baldwin as barred by the statute of limitations,

Dkt. 15, 16); *Baldwin v. Zurich American Ins. Co.*, Case No. 1:17-cv-149-RP (W.D. Tex. Feb. 27, 2017)

(dismissing an action against her insurance company without prejudice for lack of subject matter

jurisdiction because Baldwin's claims fell within the exclusive jurisdiction of the Texas Workers'

Compensation Division; finding that Baldwin qualified as a vexatious litigant under the terms of

TEX. CIV. PRAC. & REM. CODE § 11.054 but declining to impose the designation because the Court

found it lacked jurisdiction over her claim; warning that the Court would consider the designation if

she asserted a claim in the future that presented a valid basis for exercise of the Court's jurisdiction,

Dkt. 31, at 4–8); *Baldwin v. Kent Sullivan, Texas Dept. of Ins., Division of Workers' Compensation, and the*

*Office of Injured Employee Council*, Case No. 1:18-cv-36-RP (W.D. Tex. Jan 17, 2018) (dismissing all

claims without prejudice for lack of subject matter jurisdiction and failure to state a claim, Dkt. 44;

subsequently dismissing case for want of prosecution, Dkt. 47); *Baldwin v. Zurich American Ins. Co.*,

Case No. 1:18-cv-996-RP (W.D. Tex. Nov. 20, 2018) (denying Baldwin's own motion to dismiss,

Dkt. 39; granting Zurich's motion to dismiss again because her claim fell within the exclusive

jurisdiction of the Texas Workers' Compensation Division; finding that Baldwin qualified for Rule

11 sanctions but issuing a final warning instead, Dkt. 40)

Dismissing her sixth case, this Court expressly warned Baldwin that "if any additional suit

filed by Baldwin is dismissed and found to be vexatious, harassing, or duplicative, she may be

subject to monetary sanctions or a pre-filing injunction barring her from filing future suits without a

district court's consent." *Baldwin*, Case No. 1:18-cv-996-RP (Dkt. 40, at 19).

Baldwin filed the instant case less than a year later. (Dkt. 1). This is her second suit against

OIEC and her seventh in federal court arising from the same facts. She filed a First Amended

Complaint, which is permitted as a matter of course, but then filed a Second Amended Complaint

without seeking leave of Court or indicating her opposing party's consent. *See* Fed. R. Civ. P.

20-50284.562

15(a)(1)–(2). It appears that neither the Court nor OIEC previously noticed this failure to seek leave. Alternatively, it is possible to infer from the record that OIEC did not oppose the Second Amended Complaint because it narrowed the number of claims asserted. In any case, the Court grants leave to file the Second Amended Complaint because it removes Baldwin's two most implausible claims against OIEC, which relied on criminal statutes that do not provide a private right of action.[3]

In her Second Amended Complaint, Baldwin now asserts claims under 42 U.S.C. § 1983 ("Section 1983"); Title II of the Americans with Disabilities Act, 42 U.S.C. 12131 et seq. (the "ADA"); and the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE § 101.021 ("the TTCA"). (2d Am. Compl., Dkt. 24).

OIEC moves to dismiss her claims under Rule 12(b)(1) and Rule 12(b)(6). (Dkt. 27). The Court stayed the case pending resolution of the motion. (Dkt. 29). Baldwin failed to file a timely response within fourteen days.[4] Instead, fifty-six days later, Baldwin filed an Objection and Motion to Lift the Stay, which includes some arguments that respond to the Motion to Dismiss, but she did not request leave to file a late response. (Dkt. 30). OIEC objects that her filing re-argues the parties' briefing on the Motion to Stay. (Dkt. 31 (*see* Dkt. 18, 19, 23)). Baldwin filed a reply, moving again for the Court to lift the stay. (Dkt. 33). The Court will first address the motion to dismiss.

## II. OIEC'S MOTION TO DISMISS

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). At the same time, while courts "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel, pro se

---

[3] *Compare* Am. Compl., Dkt. 3, at 8 (asserting claims under Section 1983, the ADA, the Texas Tort Claims Act, 18 U.S.C. § 1506, and 18 U.S.C. § 2073) *with* 2d Am. Compl., Dkt. 24, at 8 (asserting claims under Section 1983, the ADA, and the Texas Tort Claims Act only).

[4] Local Rule CV-7 provides that "[a] response to a dispositive motion shall be filed not later than 14 days after the filing of the motion. . . . If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed." W.D. Tex. Loc. R. CV-7(e)(2).

20-50284.563

parties must still brief the issues and reasonably comply with [federal procedural rules]." *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995).

## A.  Federal Rule of Civil Procedure 12(b)(1)

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A case is properly dismissed for lack of subject matter jurisdiction when the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998). The court may dismiss a complaint for lack of jurisdiction based on: (1) the face of the complaint; (2) the complaint supplemented by undisputed facts from the record; and (3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts. *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). The court may "weigh the evidence and satisfy itself" that subject matter jurisdiction exists. *MD Physicians & Assocs., Inc. v. State Bd. Of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). The party asserting jurisdiction bears the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Dismissal under 12(b)(1) is not a determination on the merits and does not prevent a plaintiff from pursuing a claim in a court with proper jurisdiction. *Id.* The court should grant a 12(b)(1) motion to dismiss only if it appears certain that the plaintiff cannot prove any set of facts that would entitle her to recovery. *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017).

## B.  Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss,

5

a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). A court may also consider documents that a defendant attaches to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). But because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338. "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

## C. Discussion

OIEC moves to dismiss her claims under Rule 12(b)(1) and Rule 12(b)(6), asserting that (1) Baldwin's complaint contains only conclusory, general allegations that do not satisfy the federal

pleading standard for any of her claims; (2) Baldwin lacks standing because (a) she has not alleged a

plausible legal injury and (b) she has not alleged any facts tracing her alleged injury to OIEC; (3)

OIEC has Eleventh Amendment immunity from Baldwin's claims under Section 1983 and the

ADA; and (4) Baldwin fails to state a claim under the Texas Tort Claims Act because her claims do

not satisfy the terms of the statute.

Baldwin failed to file a timely response and instead filed an Objection and Motion to Lift the

Stay fifty-six days later, (Dkt. 30), which includes some arguments that respond to the Motion to

Dismiss. Even if the Court granted leave to file a late response, and construes her claims in the most

generous light, Baldwin's factual allegations are vague, conclusory, and allege at best a generalized

grievance against OIEC. Starting with first principles, Baldwin's claims do not establish federal

jurisdiction.

### 1. Eleventh Amendment Immunity

The OIEC is a state agency. *See* TEX. LABOR CODE § 404.002. The Eleventh Amendment

grants States constitutional immunity from suit unless Congress authorizes a suit to enforce the

Fourteenth Amendment or the State waives its sovereign immunity by consent. *Coll. Sav. Bank v. Fla.

Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).  Eleventh Amendment immunity is

considered a jurisdictional bar; claims barred by sovereign immunity are properly dismissed under

Rule 12(b)(1) without prejudice. *Warnock v. Pecos Cty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996).

The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983.

*Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (citation omitted). Section

1983 does not waive states' sovereign immunity. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338 n. 7

(1979)). And Texas has not waived its immunity by consenting to this suit. *See Union Pac. R. Co. v. La.

Pub. Serv. Comm'n*, 662 F.3d 336, 340 (5th Cir. 2011) (stating that waiver is present if the state

voluntarily invokes federal court jurisdiction or if it makes a "clear declaration" that it intends to

submit to federal jurisdiction) (citing *Coll. Sav. Bank*, 527 U.S. at 675–76). Baldwin's Section 1983 claim against the OIEC is barred.

The Eleventh Amendment also bars her claim under the ADA. To determine whether Title II of the ADA validly abrogates sovereign immunity, courts apply a three-part test on a case-by-case basis. *Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011) (citing *United States v. Georgia*, 546 U.S. 151, 159 (2006)). A court should consider: (1) "which aspects of the State's alleged conduct violated Title II," (2) "to what extent such misconduct also violated the Fourteenth Amendment," and (3) if the conduct violated Title II but not the Fourteenth Amendment, "whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Id.* The test also provides: "If the State's conduct violated both Title II and the Fourteenth Amendment, Title II validly abrogates state sovereign immunity." *Id.*

Baldwin's claim does not pass the first step. Construing Baldwin's complaint in the most generous terms, Baldwin's complaint does not allege any conduct by OIEC that would plausibly violate Title II. A plaintiff states a claim for relief under Title II if she alleges: (1) that she has a qualifying disability; (2) that she has been denied the benefits of services, programs, or activities for which the public entity is responsible, or is otherwise discriminated against by the public entity; and (3) that such discrimination is by reason of her disability. *Hale*, 642 F.3d at 499. Baldwin does allege that she has a disability, (Dkt. 24, at 3), but she does not specify that disability. Even if the Court assumes that her alleged physical injuries underlying these lawsuits constitute a qualifying disability, Baldwin alleges no facts indicating that the OIEC discriminated against her "by reason of her disability." The Court agrees with the OIEC that, at best, Baldwin alleges that she was wrongly denied workers' compensation benefits. She does not relate that deprivation to her alleged disability in any way.

20-50284.567

Baldwin does not address Eleventh Amendment immunity in her Objection. Nothing in the record indicates that an exception applies here. The Court concludes that Baldwin's claims against the OIEC State under Section 1983 and the ADA are barred under the Eleventh Amendment.

## 2. The Texas Tort Claim

The Court's jurisdiction over Baldwin's state law claim is supplemental to its federal question jurisdiction.[5] 28 U.S.C. § 1367(a). A federal court exercising supplemental jurisdiction over state law claims applies the substantive law of the state in which it sits. *Sommers Drug Stores Co. Empl. Profit Sharing Tr.*, 883 F.2d 345, 353 (5th Cir. 1989) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 (1938)). This Court therefore applies Texas law to Baldwin's state law claim.

In Texas, a governmental unit is immune from tort liability unless the Legislature has waived immunity by statute through "clear and unambiguous language." *See Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998); TEX. GOV'T. CODE § 311.034. The Texas Legislature has waived immunity for certain tort claims against governmental entities through the Texas Tort Claims Act. *See* TEX. CIV. PRAC. & REM. CODE § 101.001, et seq.

Baldwin does not state a claim for relief under the Texas Tort Claims Act. "[T]he Tort Claims Act does not create a cause of action; it merely waives sovereign immunity as a bar to a suit that would otherwise exist." *City of Tyler v. Likes*, 962 S.W.2d 489, 494 (Tex. 1997); *see also Rodriguez v. Christus Spohn Health Sys. Corp.*, 628 F.3d 731, 736 (5th Cir. 2010). And even if a state law claim did otherwise exist for Baldwin, she has not alleged any conduct by OIEC that would waive its

---

[5] Because the Court will dismiss Baldwin's federal claims with this Order, the Court has discretion whether to retain jurisdiction over any remaining state law claims. "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–40 (2009) (citing 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *Osborn v. Haley*, 549 U.S. 225, 245 (2007) ("Even if only state-law claims remained after resolution of the federal question, the District Court would have discretion, consistent with Article III, to retain jurisdiction.")). The Court will exercise that discretion to evaluate whether Baldwin's remaining claim under the Texas Tort Claims Act states a claim for relief.

9

immunity under the statute. "The TTCA waives governmental immunity in only three general areas: 'use of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property.'" *Payne v. City of San Antonio, Texas*, No. SA-19-CV-00407-FB, 2019 WL 7037943, at *7 (W.D. Tex. Dec. 20, 2019) (quoting *Brown v. Montgomery County Hosp. Dist.*, 905 S.W.2d 481, 484 (Tex. App.—Beaumont 1995, no pet.); citing Tex. Civ. Prac. & Rem. Code § 101.021). Baldwin's allegations do not involve publicly owned vehicles, premises defects, or injuries arising from conditions or use of property. *See Brown*, 905 S.W.2d at 484 ("Appellants do not indicate . . . how the hospital has waived its immunity—whether in the use of publicly-owned vehicles, premises defects, or injuries arising from conditions or use of property. As briefed, the allegations of failure to supervise do not fall within any of the three categories in which governmental immunity is waived.").

### 3. Conclusion

Baldwin's complaint does not establish federal jurisdiction over her federal claims or her state law claim. The Court therefore **DISMISSES** all of Baldwin's claims against the OIEC. This holding makes it unnecessary to consider OIEC's remaining arguments in support of dismissal.

## III. SANCTIONS

This is Baldwin's seventh suit arising from these facts that this Court has either dismissed as frivolous, dismissed for failure to prosecute her claim, or dismissed pursuant to Baldwin's voluntary dismissal shortly after filing. In order to prevent further frivolous and duplicative suits, and to preserve judicial resources for litigants with credible legal claims, sanctions are appropriate.

A court possesses the inherent power "to protect the efficient and orderly administration of justice," including "the power to levy sanctions in response to abusive litigation practices." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). *Id.* Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d

10

20-50284.569

191, 195–97 (5th Cir. 1993). No pro se litigant has the "license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 360 (5th Cir. 1986).

In addition to monetary sanctions, "[a] district court has jurisdiction to impose a pre–filing injunction to deter vexatious, abusive, and harassing litigation." *Baum v. Blue Moon Ventures*, 513 F.3d 181, 187 (5th Cir. 2008). District courts are permitted to act *sua sponte* in imposing restrictions on future filings. *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010). However, the court must notify the litigant and provide her an opportunity to be heard on the matter before imposing a *sua sponte* pre-filing injunction on the vexatious litigant. *Id.*

Unless Baldwin can show cause otherwise, an injunction is wholly appropriate here. Twice previously, the Court has found that Baldwin qualifies for a pre-suit injunction but declined to enter one. This Court has warned Baldwin three times that she may be enjoined from filing further suits if she continues to file frivolous claims and otherwise abuse her access to the judicial system. *See Baldwin*, Case No. 1:16-cv-405-RP (warning Baldwin that she may be enjoined from filing further suits upon a finding that Baldwin is "using the judiciary to manipulate or abuse justice," Dkt. 11, at 2); *Baldwin*, Case No. 1:17-cv-149-RP (finding that Baldwin qualified as a vexatious litigant under the terms of TEX. CIV. PRAC. & REM. CODE § 11.054 but declining to impose the designation because the Court found it lacked jurisdiction over her claim, Dkt. 31, at 4–8); *Baldwin*, Case No. 1:18-cv-996-RP (finding that Baldwin qualified for Rule 11 sanctions but issuing a final warning instead, Dkt. 40). When this Court dismissed her sixth case, the Court expressly warned Baldwin that "if any additional suit filed by Baldwin is dismissed and found to be vexatious, harassing, or duplicative, she may be subject to monetary sanctions or a pre-filing injunction barring her from filing future suits without a district court's consent." (*Id.* at 19). That warning did not deter the instant case, which again fails to state any cognizable, non-frivolous claims. Based on Baldwin's filing history, another

20-50284.570

warning is not an adequate sanction. It appears most likely that absent an injunction, Baldwin will continue to find parties involved in her application for workers' compensation and file a series of frivolous suits against them.

The Court therefore orders Baldwin to show cause why she should not be barred from filing any future suits in federal court without obtaining prior approval from a federal district or magistrate judge.

## III.  CONCLUSION

Accordingly, **IT IS ORDERED** that the Office of Injured Employee Counsel's Motion to Dismiss Baldwin's Second Amended Complaint, (Dkt. 27), is **GRANTED**. The Court **DISMISSES** all of Baldwin's claims against the OIEC.

**IT IS FURTHER ORDERED** that Baldwin's Motion with Objection to Squash Subpoena and Protection Order, (Dkt. 22), her Objection and Motion to Lift Stay, (Dkt. 30), and her second motion to lift stay, (Dkt. 33), are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Baldwin shall **SHOW CAUSE** why she should not be barred from filing any further cases in federal court without obtaining prior approval from a federal district or magistrate judge no later than **14 days** from the date of her receipt of this Order.

**IT IS FINALLY ORDERED** that the Clerk's Office mail a copy of this Order to Baldwin via certified mail at her provided address: 3629 Cedartown Street, Las Vegas, NV 89129.

**SIGNED** on February 18, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

12

20-50284.571

# EXHIBIT

# k

FILED

MAR 0 4 2020

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LINDA BALDWIN, Pro Se          §
                              §
        Plaintiff,            §            1:19-CV-0454
                              §            Judge RP
v.                            §
                              §
Office of Injured Employee Counsel, §
Defendant.                    §

## PLAINTIFF'S RULE 60. ( a) ( 2) ( 6) OMISSION MOTION TO VACATE ORDER AND MOTION TO REOPEN

TO THE HONORABLE ROBERT PITMAN:

NOW COMES Linda Baldwin, Pro Se ("Baldwin"), and files this Motion to Vacate Order because of Omission by the Court Pursuant to FRCP 60 a, and Motion to Reopen. Baldwin Objection (DKT. 1-12), and will also answer the Court's question to bar from further litigation showing the reasons for each litigation.

### RULE 10(c) INCORPORATE

1. Under the FRCP Baldwin hereby incorporates case number (DKT. 37 pp. 1-12) Under FRCP to this Motion Zurich American Company 1:17-cv-00149 RP, Linda Baldwin vs. Extended Stay Hotel 1:16-CV-405 , 1:16-cv-605 and Linda Baldwin vs. Zurich American Insurance Company 1:17-cv-00036 RP and 1:18-cv-00996. And in addition Baldwin files this Motion under Equitable Toll under Rule 18. Joinder, requesting a motion to reopen a new trial regarding her Claims in the Court because of the Court's omission. This Court has given an order and opinion on each of the claims. (Docket 36, pp. 1-12). Baldwin objects to the opinions and will show errors committed. The Equity Rule 26 (Joinder of Causes of Action) and broadened to include multiple Parties to this Motion. See, Emerson v. Nash, 124 Wis. 369, IO2 N. W. 921 (19o4); POMEROY, CODE REMEDIES (5th ed. 1929) § 347; see CLARK, CODE PLEADING (1928) c. 2, § ig.

20-50284.575

## INTRODUCTION OF HISTORY

2.    Plaintiff Baldwin received several Final Notices of decision under different forms of Claims

from the Texas Department of Insurance Division of Workers' Compensation to file law suit in

District Court under Section 410.169 of the Texas Labor Code "if you are not satisfied with decision

you have the right to file in District Court no later than 45 days from the date of the suit of the letter."

3.    On April 29, 2019 Ms. Baldwin brought suit Office of Injured Employee Council in above

Caption for date of injuries for on or about June 12, 2012 and January 17, 2017, for excluding her

from participation in the program which caused her pain and suffering under the Texas Tort Claims

101.021 in her Amended Petition. Ms. Baldwin lost her case twice due to her Disability without

assistance. Baldwin need assistance because she could not type due to her carper tunnel injuries and

sit for a very long period of time due to her chronic pain in her neck and back. (DKT. 3, 1-9).

Baldwin had to hire a Word Process to assist her in all in cases of filings. Baldwin is on a fixed

income leaving her with very little to take care of self. See, Brown vs. School Board of Education.

4.    The U.S. Supreme Court held that Title II of the Americans with Disabilities Act of 1990

(ADA), 42 U.S.C. § 12132, which guarantees disabled individuals access to all activities of public

entities, operated to protect disabled persons restrained by physical barriers in court facilities

because such restraints implicated the fundamental Fourteenth Amendment due process right of

access to the courts. In so holding (and affirming 315 F.3d 690 (6th Cir. 2003) below), the Court

ruled that Congress' enforcement power (Fourteenth Amendment, § 5) trumped the state of

Tennessee's defense that Title II of the ADA abrogated its right of Eleventh Amendment sovereign

immunity. See, Bailey v. United States, 116 S. Ct. 501, 506 (1995). "[T]he Court must look to the

particular statutory language at issue, as well as the language and design of the statute as a whole."

Sullivan v. Everhart, 494 U.S. 83, 89 (1990) (quoting K-Mart Corp. v. Cartier, Inc., 486 U.S. 281, 291

(1988)). Ms. Baldwin lost her cases and was given a series of Orders from Texas Department of

20-50284.576

Insurance to file her claims in District Court under Section 410.169 or 410.204 (DKT 7, 1-29). So

therefore, the Defendants are correct that Ms. Baldwin filed a series of Complaints. (DKT. 7, pp. 1).

5.   On September 4, 2012 Ms. Baldwin received two letter from Texas Department of

Insurance Division of Workers Compensation and that her Injury Claims has become Final under

the Section 410.169, a notice untimely appeal is enclosed.  (DKT. 7,-1 pp.10 of 29) and (DKT. 7,-1

p. 4 of 29) case number 11148351 see Exhibit A, claim number and 08103562.

6.   On April 18, 2013, Ms. Baldwin filed her claims within 45 days after she received notice

From Texas Department of Insurance. Ms. Baldwin filed suit against Zurich American Insurance

Company in District for failure to provide the Designated Doctor all of her medical records.

7.   On March 22, 2013, Ms. Baldwin received an Order from Texas Department of

Insurance to seek an Judicial Review of an Appeal under Section 410.251,et seq. On April 18, 2013,

Ms. Baldwin filed a case against Zurich American Insurance for Misrepresentation of its policy's.

Accordingly, the Defendant Zurich American Insurance agreed to pay Baldwin's Worker's

Compensation payment concerning case number AU-11-148351-01-CC-HD46 & AU-08103562-03-

CC-HD46 for March 1, 2006 and August 20, 2007.  In addition, Zurich American Insurance

Company and the Plaintiff Linda Baldwin signed an agreement that her worker's compensation will

not be affected by the decision of this court. (DKT. 26 and 28).

8.   On or about June 12, 2013, the court failed to disclose her workers' compensation

Payment  in Order which both claims under *Baldwin v. Zurich Am. Ins. Co.*, D–1–GN–13–001281

(261st Civ. Dist. Ct., Travis County, Tex. 2013). Ms. Baldwin was not aware until a Represented

from the Texas Department informed her in a phone conversation in the Spring of 2018. Ms.

Baldwin tried to collect her Worker's Compensation payments from Zurich American Insurance

20-50284.577

Company the Defendant filed a claims against Ms. Baldwin as being Vexation under D-1- GN-13-002454 (DKT 28). Baldwin filed a Subpoena of those records the case was Moot by this Court in the above Caption.

9.   On July 22, 2013 Ms. Baldwin filed a suit of Misrepresentation of its policies against Zurich American Insurance for failure to pay claim within 30 days of the Judge's Order dated June 12, 2013. Both parties signed the Order and that the decision Res Judicata claim will not affect her Workers' Compensation claims. (DKT. 26 and 28)).

10.  On January 17, 2019 Ms. Baldwin received a letter from Texas Department of Insurance Division of Workers Compensation that her Injury Claims has become Final under the Section 410.169, a notice untimely appeal is enclosed. Ms. Baldwin filed suit in District under 1:19-CV-000454RP (DKT. 3, 9-40).

## PLEA TO JURISDITION

11.  The purpose of the plea is not to force a plaintiff to preview his case on the merits, but Rather to establish a reason why the merits of the plaintiff's claims should never be reached.  Blue, 34 S.W.3d at 554.   The plaintiff's jurisdictional pleadings are to be construed liberally in the plaintiff's favor and look to the pleader's intent.   See Texas Ass'n of Business, 852 S.W.2d at 446. *A court deciding a plea to the jurisdiction, however, is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised.*  Blue, 34 S.W.3d at 555; see County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex.2002).   The court should confine itself to the evidence relevant to the jurisdictional issue.  Blue, 34 S.W.3d at 555.   When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the plaintiff should

20-50284.578

be afforded the opportunity to amend. Brown, 80 S.W.3d at 555. However, if the pleadings affirmatively negate the existence of jurisdiction, then the plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. Brown, 80 S.W.3d at 555. (1988)). (DKT 36 pp. 2)

## THE AGREEMENT BETWEEN ZURICH AMERICAN INSURANCE COMPANY AND LINDA BALDWIN

12. Accordingly, the Defendant Zurich American Insurance agreed to pay Baldwin's Workers' Compensation Claims AU-11-148351-01-CC-HD46 & AU-08103562-03-CC-HD46 for March 1, 2006 and August 20, 2007. Zurich American Insurance Company and the Plaintiff Linda Baldwin signed an agreement that her worker's' compensation will not be affected by the decision of this court.

13. On or about June 12, 2013, the court failed to disclose her workers' compensation payments related to her Petition, in her Motion under *Baldwin v. Zurich Am. Ins. Co.*, D-1-GN-13-001281 (261st Civ. Dist. Ct., Travis County, Tex. 2013). When Ms. Baldwin tried to collect her Workers' Compensation from the Defendant Zurich American Insurance Company, the Defendant filed a false (Omission) claims against Ms. Baldwin being Vexatious (DKT (DKT. 26 and 28). Baldwin filed a Subpoena of those records and the case was Moot by this Court. (DKT. 34).

## EEOC RIGHT TO SUE LETTER

14. On or about February 22, 2016, Baldwin filed her Right to Sue Letter from EEOC in State Court after she complained about being discriminated against after she got hurt on the job and no longer can work. The employer Extended Stay failed to file her claims with workers' compensation within 30 days after she reported her injuries with her supervisor.

15. The Defendant Extended Stay Hotel American moved the case to Federal Court on March 24, 2016 under cause number 1:16-cv-454, Baldwin v. Extended Stay America/HVM, Case No. 1:16-cv-604-RP, 1:16-cv-405 and 1:16-cv-604 in addition Baldwin file with the Equal Employment

20-50284.579

Opportunity Commission (EEOC) Because the Carrier, Zurich American Insurance refuse pay claims. The United States agency that enforces federal laws which make discrimination related to employment illegal. When Baldwin notifies the EEOC that she believe she were discriminated against by their employer Extended Stay, Baldwin received a letter twice a Right to Sue from the EEOC due to her Disability.

16. On February 20, 2016, Ms. Baldwin Plaintiff, filed a race discrimination against her Former employer under cause number D-1-GN-000753 for causes of action in district court. (1). Continuing Violation Theory and (2). Equitable tolling. (3) Violations of Title VII of the Civil Rights Act of 1964 (42 US.C. § 2000e et eq.) ("Title VII"), the Americans with Disabilities Act (42 US.C. § 12101 et seq.) ("ADA"). This is an action under Title 1 of the American with Disabilities acts of 1990, as Amended (ADA), to correct unlawful Employment practices on the Basics of disabilities. On or about February 24, 2016, the Defendant was served under incorrect name Extend Stay Amarica. Ms. Linda Baldwin the aggrieved been qualified with disability Covered by Title 1 of the ADA, 42 US.C. §.' 12101 et seq. On or About April 7, 2004, Ms. Baldwin began employment with Extended Stay American as night Laundry Attendant (GSR) Ms. Baldwin job description as follows while employed as a night Laundry Guest Service Registration (GSR) at Extended Stay America/ HVM. Ms. Baldwin was injured while standing all day on a hard concrete floor while doing Laundry as a Guest Service Registration (GSR). The correct name Extended Stay America /HVM, LLC by the Plaintiff.

17. Baldwin filed this causes of action against the Defendant because they failed to do the Right towards Baldwin. Extended Stay America failed to file her work injuries to Texas Workers Compensation within 15 days after she reported her injuries.

**OBJECTION**

6

20-50284.580

18. But accordingly, the Federal Court says Baldwin turned her attention to federal Court after she was vexatious in State Court. Baldwin did not move the case to Federal Court, and hereby makes an objection to the Court Order dated February 19, 2020 (DKT 36 pp 2). The Defendant filed a false claim against Baldwin after the Agreement was signed by both parties, and refused to pay the claim. The Defendant Extended Stay Hotel moved the case to Federal Court on March 24, 2016 under cause number 1:16-CV-454. The court err in its opinions. The tone of this Court is a racist ton. Ms. Baldwin can file her case anywhere in the United State of America because she is an African American and born from parents of the United States of African American. (DKT. p. 2)

## OMISSION BY THE COURT

### *1:19-cv-000454 RP*

19. On February 19, 2020, Ms. Baldwin received an Order dismissing her Amended Complaint Stating that she did not ask the Court for leave to file her second Amended Complaint under 1983, ADA and Title II and the Privacy Act. The court Moot her objection to lift Stay, Squash Subpoena and Protection Order, and ordered Ms. Baldwin to show why she shall not be barred from filing any other Cases in Federal Court without obtaining an approval from district or magistrate Judge and had no later than 14 days to answer the Court. (DKT. 36 at 12). Baldwin makes an Objection (DKT. 36, pp 1-12).

20. On October 22, 2019, the Court referred the case motions in the above action to United States Magistrate Judge Andrew W. Austin for report and recommendation on a disposition pursuant to 28 U.S.C. § 636(b) (1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. The Court withdrew that referral and entered the following Order. (Dkt. 32). But according to Ms. Baldwin's

20-50284.581

records, Ms. Baldwin never received a copy of the Judge's Order (Dkt. 32), and because she is Pro se she is not allowed as an electronics E-filer with the Court, unless it is approved by the Court.

21. Baldwin believes her civil rights have been taken away preventing her from a fair trial and a fair hearing, or to make an objection to the Order (Dkt. 32). Under Rule 77, an Order (d) Serving Notice of an Order or Judgment. (1) Service. Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in, on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided. See, Tumey v. Ohio. Baldwin was also denied a motion under 28 U.S. Code § 455. Disqualification of justice, judge, or magistrate judge. Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned while the case was pending before the Court. See, e.g., Davis v. Board of School Comm'rs, 517 F.2d 1044, 1051. According to the omission that was omitted by this Court, Baldwin did not receive a fair trial which she will explain in her argument below.

### *1:17-cv-00036 RP*

22. On January 17, 2018, under case number 1:17-cv-00036, Baldwin filed a case against the Defendant for Misrepresentation of its policies against the Commissioner of Texas Department of Insurance, after Baldwin was denied service under the Office of Inured Employee Council under ACT 1983, ADA and Title II. On April 2, 2018, Baldwin then filed a motion under Rule 60. (a) (2) because of a clerical error that was committed by the clerk. The Clerk added four people instead of a party of two to the docket. (DKT. 16 pp. 1 -2). Because the case was defective, the Defendant refused to answer the Summary Judgement Motion and Discovery which was on file with the Court.

23. On October 25, 2018, the Court granted Defendant Sullivan's motions to dismiss

20-50284.582

Baldwin, filed by Defendant Kent Sullivan, Texas Department of Insurance Division of Workers'

Compensation. (Dkt. 44). It was mentioned that the Defendant Office of Injured Employee Counsel

("OIEC")—the only remaining defendant—had not yet been served or otherwise appeared in this

action. Accordingly, the Court issued an order to show cause for Plaintiff's failure to timely

effectuate service pursuant to Federal Rule of Civil Procedure 4(m). (Dkt. 44, at 12). The Court

further warned that failure to do so may result in dismissal of this action against that defendant. (*Id.*).

24. On October 5, 2018, Baldwin responded to the Court showing the Court's clerical error

was Committed causing omission and causing her to not have a fair trial. On October 24, 2018 (Dkt.

46). Accordingly, Baldwin responded that she never added Texas Department nor OIEC as a

Defendant as a party to this and that she only intended to sue Kent Sullivan in his official capacity;

that it was a "clerical error that was committed by the court." (*Id.* at 1–2, 3). However the Court filed

an Order and dismissed the case against Texas Department of Insurance and gave a false opinion.

Baldwin had explained that including OIEC was only a reference to Sullivan's job description. (*Id.* at

1–2). Thus, she asks the Court to correct the clerical mistake pursuant to Federal Rule of Civil

Procedure 60(a). The court filed an Order that OIEC has not been served, nor has it served an

answer or a motion for summary judgment. The case was dismissed without Prejudice. (DKT. 47

pp. 1 of 2)

25. On or about November 20, 2018, a clerical error was committed by the Clerk under

Cause Number 1:17-cv-000149, after the Clerk signed Baldwin's name, checked the Fair Labor

Standards Act and federal question, and later this case was dismissed for one of the errors that was

committed by this court on the Civil and Docket as such. The case is an injury and insurance claim

in a workers' compensation claim. Therefore she was given a new Cause Number 1:18-cv-0996,

which is filed in the above Complaint. (DKT. 1). Case number **1:18-cv-00036RP** (16, p. 1-10).

20-50284.583

*1:18-cv-0099RP*

In the Courts footnotes and Order he alleges I was injured but did not detail how it Happened. But According to which was filed on February 7, 2019, in Baldwin medical records by her private Doctor explains how the injuries had occurred and the Course of action and treatments that he provided for me concerning my injuries. The Court Err in dismissing Baldwins' claims

## THE ELEVENTH AMENDMENT

26. On January 17, 2019 and June 12 2012, Plaintiff Baldwin suffered personal injury of Condition (punitive), an injury when the Defendant failed to assist in her upcoming Appeal, which is a Violation of 42 1983 Title II of the Americans with Disabilities Act (ADA). The personal injury was caused by Condition by the negligent operation by the Defendant. Plaintiff Baldwin requested help because she was disabled, nor was she represented by an Attorney, and the case was assigned to Ms. Chelsea Rogers. In addition, Plaintiff Baldwin's Appeal was found untimely under the provision of Section 410.169 or Section 410. 204. (DKT. 3, pp. 3-4). The Texas Tort Claims Act provides a limited waiver of sovereign immunity and allows suits against governmental units only in certain narrow circumstances. See, Texas Dep't Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex.2001).

## TORT CLAIM 101.021

27. The court must look to the terms of the Tort Claims Act to determine the scope of waiver

And then consider the particular facts of the case before they can to determine whether the case comes within that scope. Id.; Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 584 (Tex.1996).

28. The Tort Claims Act includes a limited waiver of the state's immunity from suits alleging

(1) personal injury proximately caused by the wrongful act or omission or the negligence of an employee acting within her scope of employment if the personal injury arises from the operation or use of motor-driven equipment and the employee would be personally liable to the claimant under Texas law; or (2) personal injury so caused by a condition or use of tangible personal or real property if the governmental unit, were it a private person, would be liable to the claimant under Texas law. See Tex. Civ. Prac. & Rem.Code Ann. §§101.021, 101.025 (Vernon 2005); Act of May 17, 1985, 69th Leg., R.S., ch. 959, §1, 1985 Tex. Gen. Laws 3242, 3303 (current version at §101.022 (Vernon Supp.2008)). Sec. 12102. Definition of disability as used in this chapter: (1) Disability: The term "disability" means, with respect to an individual (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment (as described in paragraph (3)). Americans with Disabilities ACT." (ADA). On or about November 12, 2009, Ms. Baldwin was pronounced as disabled by the Social Security Administration. Boujaily vs. United States, 483 U.S. 171 (1987). Also see Heckler, 752 F, 2d 1099 (5th Cir. 19. (Doc. 3 pg. 7)

Section 504 of the Rehabilitation Act, 29 U.S.C.A. § 794, and Title II of the ADA, 42 U.S.C.A. § 12132, prohibit discrimination against an otherwise qualified individual with a disability. In order to establish a violation of either of these statutes, a plaintiff must prove: (1) that she has a disability; (2) that she is otherwise qualified for the employment or benefit in question; and (3) that she was excluded from the employment or benefit due to discrimination solely on the basis of disability in which Ms. Baldwin has stated that she was in fact disabled based upon her medical records and Social Security Administration documentation before this Court.

20-50284.585

## ARGUMENT AND ARTHORITY

The decision in Monroe v. Pape that state government officials can be sued under Section 1983 was expanded in a case called Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978). In that case, the Supreme Court allowed for 1983 claims against municipal and city governments.

On or about May 9, 2019, Ms. Baldwin's Amended Petition which brought this suit under, Section 1983 applies to the "deprivation of any rights." Privileges of Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." § 12132 (2000 ed.). A "qualified individual with a disability" is defined as "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, 154*154 meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." § 12131(2). The Act defines "public entity" to include "any State or local government" and "any department, agency, or other instrumentality of a State...". § 12131(1). We have previously held that this term includes state prisons. See, Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998). Title II authorizes suits by private citizens for money damages against public entities that violate § 12132. See, 42 U.S.C. § 12133 (incorporating by reference 29 U.S.C. § 794a). In enacting the ADA, Congress "invoke[d] the sweep of congressional authority, including the power to enforce the fourteenth amendment . . . ." 42 U.S.C. § 12101(b) (4). Moreover, the Act provides that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States

20-50284.586

from an action in [a] Federal or State court of competent jurisdiction for a violation of this

chapter." § 12202. The Congress has abrogated state sovereign immunity. See, Board of Trustees

of Univ. of Ala. v. Garrett, 531 U.S. 356, 363-364 (2001).

## **RELIEF SOUGHT RULE 60. (a) (1) (2) (6)**

Wherefore Order, Plaintiff prays that the Court will correct its mistake under Rule 60. (a) (1) (a)

(6) Clerical Error and Grant Plaintiffs' Motion to Consolidate, Reopen cases that were caused by

the Defendants and any and all relief that may justified.

Respectfully Submitted

Linda Baldwin
3629 Cedartown Street
Las Vegas, Nevada 89129
(512) 778-0428

13

Cause Number: _1:19 CV-00454_
*(The Clerk's office will fill in the Cause Number when you file this form)*

Plaintiff: _Linda Baldwin_
*(Print first and last name of the person filing the lawsuit )*

**In the** *(check one)*:
☐ District Court
☐ County Court / County Court at Law
☐ Justice Court

**And**

Defendant: _Office of Injured Employee_ ~~Counsel~~
*(Print first and last name of the person being sued)*

**Court Number**

_Travis_ **County** Texas

## Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

### 1. Your Information

My full legal name is: _Linda_ _Baldwin_
First    Middle    Last

My date of birth is: _1 /19 /55_
Month/Day/Year

My address is: *(Home)* _4325 West Rome Blvd_
*(Mailing)* _North Las Vegas, Nevada 89084_

My phone number: _____ My email: _rtistme3@yahoo.com_

About my **dependents:** "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

### 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case.  I have attached documentation from legal aid stating this.

or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

### 3. Do you receive public benefits?

☒ I do not receive needs-based public benefits. **- or -**
☐ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)*
☐ Food stamps/SNAP   ☐ TANF   ☐ Medicaid   ☐ CHIP   ☐ SSI   ☐ WIC   ☐ AABD
☐ Public Housing or Section 8 Housing   ☐ Low-Income Energy Assistance   ☐ Emergency Assistance
☐ Telephone Lifeline   ☐ Community Care via DADS   ☐ LIS in Medicare ("Extra Help")
☐ Needs-based VA Pension   ☐ Child Care Assistance under Child Care and Development Block Grant
☐ County Assistance, County Health Care, or General Assistance (GA)
☐ Other: _____

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*

Page 1 of 2

## 4. What is your monthly income and income sources?

"I get this monthly income:

$2,200.⁰⁰ In monthly wages. I work as a *Social Security Inc.* for _____
<br>*Your job title*  *Your employer*

$_____ in monthly unemployment. I have been unemployed since *(date)* _____

$_____ in public benefits per month.

$_____ from other people in my household each month: *(List only if other members contribute to your household income.)*

$ 1816.⁰⁰ from ☐ Retirement/Pension ☐ Tips, bonuses ☐ Disability ☐ Worker's Comp
☒ Social Security ☐ Military Housing ☐ Dividends, interest, royalties
☐ Child/spousal support
☐ My spouse's income or income from another member of my household *(if available)*

$2,000.⁰⁰ from other jobs/sources of income. *(Describe)* DSP _____

$_____ is my *total* monthly income.

## 5. What is the value of your property?

"My property includes:  Value"

| | |
|---|---|
| Cash | $ 0 |
| Bank accounts, other financial assets | $ 0 |
| _____ | $ 0 |
| _____ | $ 0 |
| Vehicles (cars, boats) *(make and year)* | |
| _____ | $ 0 |
| _____ | $ 0 |
| _____ | $ 0 |
| Other property (like jewelry, stocks, land, another house, etc.) | |
| _____ | $ 0 |
| _____ | $ 0 |
| _____ | $ 0 |
| *Total* value of property → | $ 0 |

"The value is the amount the item would sell for less the amount you still owe on it, if anything.

## 6. What are your monthly expenses?

"My monthly expenses are:  Amount

| | |
|---|---|
| Rent/house payments/maintenance | $ 2064.00 |
| Food and household supplies | $ 400.00 |
| Utilities and telephone | $ 52000 |
| Clothing and laundry | $ 50.00 |
| Medical and dental expenses | $ 176.00 |
| Insurance (life, health, auto, etc.) | $ 203.00 |
| School and child care | $ 0 |
| Transportation, auto repair, gas | $ 38000 |
| Child / spousal support | $ 0 |
| Wages withheld by court order | $ 0 |
| Debt payments paid to: *(List)* | |
| Capital one/Conns | $ 380.00 |
| VFCU/ | $ 50.00 |
| _____ | $ 200.00 |
| *Total* Monthly Expenses → | $ 3,976.00 |

## 7. Are there debts or other facts explaining your financial situation?

"My debts include: *(List debt and amount owed)* _____

*(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.")* Check here if you attach another page.☐

## 8. Declaration

I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☒ I cannot afford to pay court costs.
☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is *Linda Baldwin*. My date of birth is : *1/9/1955*

My address is *4325 West Ron Blvd #1184 N. Las Vegas NV 89084 Clark*
<br>*Street*  *City*  *State*  *Zip Code*  *Country*

_____ signed on *5/1/2022* in *Clark* County, *Nevada*
<br>*Signature*  *Month/Day/Year*  *county name*  *State*

© Form Approved by the Supreme Court of Texas by order in Misc. Docket No. 16-9122
*Statement of Inability to Afford Payment of Court Costs*  Page 2 of 2

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LINDA BALDWIN

**(b)** County of Residence of First Listed Plaintiff **WILLIAMSON, TEXAS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
4325 WEST ROME BLVS. # 1184
NORTH LAS VEGAS, NV. 89084  # 1184
( 512) 779-0483

## DEFENDANTS

OFFICE OF INJURED EMPLOYEE COPUNSEL

County of Residence of First Listed Defendant   **AUSTIN, TEXAS**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Daniel Coolidge

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 3  Federal Question (U.S. Government Not a Party)
- [X] 2  U.S. Government Defendant
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | | | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | **LABOR** | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/Exchange |
| [ ] 196 Franchise | | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 865 RSI (405(g)) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | **FEDERAL TAX SUITS** | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [X] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
CIVIL RIGHTS 1983

Brief description of cause:
DEPRIVATION OF RIGHTS

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:  [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   JUDGE ROBERT PITMAN    DOCKET NUMBER 1:19-cv-00454-RP

DATE  10/1/2022

SIGNATURE OF ATTORNEY OF RECORD
*Linda Baldwin prose*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

11.101

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LINDA BALDWIN,                    §
                                  §
Plaintiff,                        §
                                  §
V.                                §
                                  §
                                  §        1:19-CV-00454
OFFICE OF INJURED EMPLOYEE        §
COUNSEL,

**MOTION TO REOPEN FOR NEW TRIAL
NEWLY DISCOVERED EVIDENCE**

To the Honorable Judge of said Court: Come Linda Baldwin pro Se, (1). Permission to file

litigation (2). Has not filed to harass. (3) has not file to delay.

Plaintiff's, Linda Baldwin ("Ms. Baldwin") by pro se, and respectfully moves this Court

pursuant to Fed. R. C. for a new trial based on newly discovered evidence. In support of this

request, Ms. Baldwin states as follows.

**BACKGROUND**

The Supreme of the United State denied Baldwin's case for lack of Jurisdiction and by

Federal Judge Robert Pitman of Causes of Action 42 1983 People of Color, American Disability

Act (ADA), 1964 Title II, and the privacy Act" In which Baldwin brings these claims for

violations of cause of action pursuant 42 U.S.C. ' 1983, People of Color of the Fourteenth

Amendments to the United States Constitution, 1964 Title II accommodation of the American

Disability Act and the privacy Act. Baldwin brings this violations within six months of the courts

of the Unites States Supreme Court Order".

Pursuant to federal rule of Civil Procedure Petitioner Baldwin Pro se, moves for a new

Trial based on newly discovered evident that were misplaced before the verdict in which Office

1

11.101

of Injured Employee Counsel has the original stamped copy file in their agency. Accordingly

Baldwin's file this newly found evident within six- months of refiling of this claims. See (Exhibit

A). It is settled that a new trial motions grounded on newly discovered evidence can rest on

evidence of innocence, or evidence that the prosecution violated its constitutional duty under

*Brady v. Maryland* at 373 U.S. 83 (1963) to disclose exculpatory information or its constitutional

duty under *Napue v. Illinois at* 360 U.S. 264, 269 (1959); *see* Giglio v. United States, 405 U.S.

150, 153–55 (1972) not to present false evidence (and to correct such evidence when it appears).

Baldwin's Newly discovered evidence is evidence which was in existence but undiscoverable

with due diligence at the time of the original order or judgment (see Matter of Monasterska v.

Burns, 121 A.D.3d 902, 903, 994 N.Y.S.2d 196 ; Matter of Ayodele Ademoli J., 57 A.D.3d 668,

669, 870 N.Y.S.2d 68 ; Pezenik v. Milano, 137 A.D.2d 748, 524 N.Y.S.2d 828 ). Baldwin ask

the Court for a new trial that she sought due-diligent to find the document of newly discovered

evidence, as she have establish that the evidence could not have been discovered earlier through

the exercise of due discovery but was denied her diligence trough a discovery process; Matter

of State Farm Ins. Co. v. Colangelo, 44 A.D.3d 868, 843 N.Y.S.2d 667 .) Baldwin's knows that

the newly discovered evidence would probably have produced a different result (see IMC Mtge.

Co. v. Vetere, 142 A.D.3d 954, 955, 37 N.Y.S.3d 329 ; Federated Conservationists of

Westchester County v. County of Westchester, 4 A.D.3d 326, 327, 771 N.Y.S.2d 530. As

grounds therefore, provide as follows: Plaintiff Baldwin Pro se consulted with defendants'

counsel regarding this motion and defendants did not expressed an intention to file an opposition

in which they did not answer as of July 9, 2022, A copy of the 3rd amended complaint attached

hereto, as provided by Appellant Rules of Civil Procedure.

11.101

# ARGUMENT

## I. Legal Standard

New trial provides for a new trial based on newly discovered evidence.

When determining whether to grant a new trial, the Court must consider five factors:

(1) the evidence is newly discovered;

(2) the Plaintiff exercised due diligence;

(3) the newly discovered evidence is not merely cumulative or impeaching;

(4) the evidence is material; and

(5) the evidence would probably result in a new civil trial.

*United States v. Moore*, 709 F.3d 287, 292 (4th Cir. 2013); *United States v. Robinson*,

627 F.3d 941, 948 (4th Cir. 2010). In *United States v. Blackwell*, No. 5:12-CR-201-1F, 2013

U.S. Dist. LEXIS 173420 (E.D.N.C. Dec. 11, 2013), the District Court granted a new trial based

on newly discovered evidence.

There, during Baldwin's benefit review Hearing, the Employer also failed to submit and

file a form as required by Tex. Labor Code Ann. Section 409.003 until 11/16/10 as result, Ms.

Baldwin time to file has not tolled until at that time 11/16/2011. See (Exhibit B). *Id.* In granting a

new trial, the District Court found that the new evidence "goes to the heart" of guilt or innocence

as it directly contradicts the testimony of the sole witness. *See In United States v. Blackwell Id. at*

*\*36.*

(1) The evidence is newly discovered. The Plaintiff did not have knowledge of

this evidence prior to trial. *See Blackwell*, 2013 U.S. Dist. LEXIS at \*26 (citing *United*

*States v. Lawhorne*, 29 F. Supp. 2d 292, 304 (E.D. Va. 1998)).

11.101

(2) The Plaintiff exercised due diligence. Without disclosing privileged information, Baldwin can submit thoroughly investigated this case prior to trial. *See United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir. 2001) (noting that facts must be alleged from which the Court may infer diligence on the part of the movant.).

(3) The newly discovered evidence is not merely cumulative or impeaching. For evidence to be cumulative for purposes of FRCP , "it must be additional evidence to that which was presented at trial as to a fact." *United States v. Fenn*, No. 1:12cr510 (JCC), 2014 U.S. Dist. LEXIS 46939, at *9 (E.D. Va. Apr. 3, 2014)(citations omitted). On impeachment, "evidence that is merely impeaching typically 'involve[s] . . . unrelated [matters], with issues that [have] no bearing on those at [the defendant's] trial.'" *Blackwell*, 2013 U.S. Dist. LEXIS at *35 (citing *United States v. Custis*, 988 F.2d 1355, 1359-60 (4th Cir. 1993)). In this case, the new evidence is neither cumulative nor impeachment. It is not cumulative because it does not *add* to a fact presented at trial, it directly *contradicts* a fact presented at trial. The newly discovered evidence is not merely impeachment because it is not evidence of an unrelated matter challenging the credibility of a witness. Instead, it is documentary evidence that directly contradicts the document presented by the Government, and argued as a main point in the Government's case.

(4) and (5) The evidence is material, and would probably result in a new trial. *See id.* at *39 (combining factors four and five because "[i]f the evidence is such that it would likely produce an acquittal at a new trial, then it is obviously material.")

<u>Respectfully Submitted</u>

Linda Baldwin, *Pro Se*

4

11.101

# CERTIFICATE OF SERVICE

I, Linda Baldwin, hereby certify that on this, September 13, 2022, I served a true and correct copy of, via certified mail, return receipt requested, as follows:

ATTORNEYS FOR DEFENDANT

Assistant Attorney General,
Daniel Coolidge
Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667

Respectfully Submitted
Linda Baldwin, *Pro Se*
4325 West Rome Blvd.
Apt 1184
North las Vegas, NV 89084
Itistine3@Yahoo.com

5

# EXHIBIT

# A

*B*

 OFFICE OF INJURED EMPLOYEE COUNSEL

1-866-EZE-OIEC • 1-866-393-6432

## OFFICE OF INJURED EMPLOYEE COUNSEL ASSISTANCE REQUEST

Name: *Linda Baldwin*    DWC#: *1218564I-AU*

Address: *3651 N. Rancho Dr. #107*    Email address: *Ihstime.3@yahoo.com*

City: *LAS VEGAS, NV 89130*    Date of Injury: *8/18/06*

Telephone *(702) 888-3287*

I, *Linda Baldwin*, am requesting the assistance of the Office of Injured Employee Counsel (OIEC). I am not represented by an attorney on the issue for which I am requesting assistance, although I know that I have that right. This document will remain in effect until I terminate it. I may terminate OIEC assistance at any time by notifying the Office of Injured Employee Counsel or by hiring an attorney. If I hire an attorney, I know that my attorney must file his or her contract of employment with the Texas Department of Insurance, Division of Workers' Compensation.

I know and clearly understand that the Ombudsman:

- is an employee of the Office of Injured Employee Counsel.
- is not acting as an attorney nor performing services of an attorney.
- will not be representing me as an attorney or in any other capacity.
- will be assisting me to present my claim for benefits.
- provides assistance at no charge to unrepresented persons requesting assistance.
- cannot and will not provide legal advice.
- cannot and will not make or sign any agreements for me.
- cannot and will not make any decisions for me.

I authorize any OIEC employee to have access to my claim file and other confidential records pertaining to my claim, including medical records.

I understand that any communication made to any OIEC employee is confidential under Texas Labor Code § 404.110 and that the employee cannot generally be compelled to disclose that information on any matter relating to my workers' compensation claim.

I authorize the Ombudsman to sign time-sensitive documents on my behalf that are required to be filed to preserve my rights in the workers' compensation system.

I have read or have had this information read to me by someone of my choice, and I understand and accept these terms.

*Linda Baldwin*    *6/24/16*

Signature of Injured Employee or Beneficiary    Date

NOTE: With few exceptions, upon your request, you are entitled to be informed about the information the Office of Injured Employee Counsel collects about you; receive and review the information (Government Code, §§552.021 and 552.023); and have the Office of Injured Employee Counsel correct information that is incorrect (Government Code, §559.004).

Form OMB-02 (Rev. 04/13)

 OFFICE OF INJURED EMPLOYEE COUNSEL

4.  The purpose for requesting this information is for use by the Office of Injured Employee Counsel to evaluate, describe, or report matters about my health to person(s) entitled to receive this information.

5.  I understand that I may revoke this authorization in writing at any time, except to the extent that the person(s) and/or organization(s) named above have taken action in reliance on this authorization.

6.  I understand that treatment and payment for my treatment are not conditioned on my agreement to this authorization.

7.  I understand that the release of protected health information to a non-covered entity may invalidate its protection.

8.  I understand that my express consent is required to release any healthcare information relating to testing, diagnosis and/or treatment for HIV(Aids Virus), sexually transmitted disease, psychiatric disorders/mental health or drug and/or alcohol use. If I have been tested, diagnosed or treated for HIV (Aids virus), sexually transmitted diseases, psychiatric disorders/mental health or drug and/or alcohol use, you are specifically authorized to release all health care information relating to such diagnosis, testing, or treatment.

9.  This authorization expires on one year from the date of this authorization, or the date that my workers' compensation claim is finally closed, whichever occurs first.

I have had the opportunity to read and consider the contents of this authorization. I confirm that this authorization is a true and correct statement of my intention to permit the disclosure of my PHI as described in the authorization.

_Linda Baldwin_                    _5/20/16_
Signature                           Date

Name: _Linda Baldwin_

Address: _3651 N. Rancho Dr. # 107_

Telephone: _702 888-3687_

D.O.B. _1/9/55_

4616 WEST HOWARD LANE, SUITE 130 ★ AUSTIN, TX 78728-6300
(866)393-6432 ★ FAX (512) 933-9828
WWW.OIEC.TEXAS.GOV

Form OIEC-31. HIPAA Authorization (Revised Nov. 2012)

**DWC045**

## V. DOCUMENTATION OF YOUR EFFORTS TO RESOLVE THE ISSUE(S)

DWC#: 12185641-AU

19. Provide the date the opposing party was notified of the disputed issues (mm-dd-yyyy):

20. Attach the following to this form:
- a description of all efforts you have made to resolve the disputed issue(s)
- supporting documentation

NOTE: If this information is not provided, a BRC may not be scheduled.

21. I certify that prior to this request I have made reasonable efforts to resolve the disputed issue(s) identified in Section IV above and that any pertinent information in my possession has been provided to the opposing party or parties. I certify that all the information provided on this form is true and correct. I certify that I will provide a copy of this request to the opposing party or parties.

### Request to RESCHEDULE or CANCEL a Benefit Review Conference only (section VI)

## VI. DOCUMENTATION OF GOOD CAUSE FOR RESCHEDULING OR CANCELING A BENEFIT REVIEW CONFERENCE

22. Check ONE box below to indicate the description applicable to your request:
- ☐ Cancel PRIOR to BRC (Complete 23 and 26)
- ☐ Reschedule PRIOR to BRC (Complete 23, 25, and 26)
- ☐ Reschedule AFTER failing to attend BRC (Complete 24, 25, and 26)

23. If you are requesting to reschedule or cancel a BRC and the date you are submitting this form is more than 10 days after the date* you received the notice of setting but before the BRC is scheduled to be held, attach the indicated information and any supporting documentation to this form:

    a) a description of objective facts beyond your control, which reasonably:
- ➢ prevent you from attending the BRC; or
- ➢ prevent the BRC from accomplishing its purpose (This may include a description of your need for a reasonable amount of additional time to secure necessary evidence for the dispute); OR

    b) a description of objective facts which make the BRC unnecessary.

* The date the notice of setting is received is deemed to be the 5th day after the date of the notice.

NOTE: If this information is not provided, the BRC may not be rescheduled or canceled. Canceling a BRC without simultaneously rescheduling is considered a withdrawal of the dispute on the issue and must comply with TDI-DWC rule 130.12, if applicable.

If you did not submit the initial request for the BRC that you are requesting to reschedule or cancel, have you obtained the agreement of the opposing party to the rescheduling or cancelation of the BRC? ☐ Yes ☐ No

24. If you are requesting to reschedule after failing to attend a BRC, you must attach a description of objective facts beyond your control, which reasonably prevented you from attending the BRC and from notifying TDI-DWC to cancel or reschedule in advance of the BRC.

If you do not submit the request by close of business on the third business day after the BRC was held, you must also attach a description of objective facts beyond your control, which reasonably prevented you from doing so and which justify the subsequent delay in filing the request.

Attach any supporting documentation.

NOTE: If this information is not provided, the BRC may not be rescheduled.

25. Check the appropriate box below:
- ☐ The information provided in the initial request for this BRC has not changed.
- ☐ Information provided in the initial request for this BRC has changed.
  (If this box is checked, you must complete Sections IV and V of this form.)

| For TDI-DWC Use Only |
|---|

26. I certify that I will provide a copy of this request to the opposing party or parties.

Signature of Requester _Linden Baldwin_     Date _5/20/16_

NOTE: With few exceptions, upon your request, you are entitled to be informed about the information TDI-DWC collects about you; receive and review the information (Government Code, §§552.021 and 552.023); and have TDI-DWC correct information that is incorrect (Government Code, §559.004).

DWC045 Rev. 11/11

# EXHIBIT

# B

# Benefit Review Conference Report

|                               |                                                           |
|------------------------------:|-----------------------------------------------------------|
| Claim No.:                    | 11148351-AU                                               |
| Docket No.:                   | AU-11148351-01-BR-AU33                                     |
| Carrier No.:                  | 2230233349                                                |
| Date of Injury:               | 03/01/06                                                  |
| Date of BRC:                  | 08/25/11                                                  |
| Location of BRC:              | Austin, Texas                                             |
| Claimant/Assisted or Rep. by: | Linda Baldwin / Priscilla Schar-Gerena, Ombudsman         |
| Employer/Assisted or Rep. by: | Extended Stay Inc.                                        |
| Carrier/Assisted or Rep. by:  | Zurich American Insurance Company / Lynette Phillips, Attorney |

**The parties were notified that the Benefit Contested Case Hearing will be scheduled in Austin, TX on November 1, 2011 at 1:30 P.M. The presiding Hearing Officer is Carolyn Cheu-Mobley, AU42.**

☑ The parties were provided *Notification of Scheduling, Benefit Contested Case Hearing* (H-B04/5) at the conclusion of the Benefit Review Conference (BRC). This includes The Division's Continuance Policy. The parties have been made aware that any request for continuance is the jurisdiction of the contested case hearing officer.

☑ The parties were provided the *Notice to Parties - The Contested Case Hearing*, pursuant to TEX. LABOR CODE ANN. §410.031.

☑ The parties were provided the *Notice to Parties - Arbitration*, pursuant to TEX. LABOR CODE ANN. §410.031.

### Issues Resolved at the Benefit Review Conference:

| Issue Code | Disputed Issue | Resolution |
|------------|----------------|------------|
|            |                |            |

### Dispute Resolution Disposition:
[  ] Agreement signed at the Benefit Review Conference, if any (see attached DWC-24).
[  ] Interlocutory Order issued (see attached Form H-B03 or H-B03M).
[  ] Special Accommodations:
[  ] Other:

Signed the 25th Day of August, 2011.

*Michelle L. Smith*

MICHELLE L. SMITH, BENEFIT REVIEW OFFICER

**Docket No.:**    AU-11148351-01-BR-AU33

**Employee:**     Linda Baldwin

## (3) Issues Unresolved after the Benefit Review Conference:

| Issue Code | Disputed Issue |
|---|---|
| C06 | Did the claimant sustain a compensable injury on 03/01/06? |

**Claimant's Position:** The claimant sustained a compensable injury on 03/01/06. She was struck in the left ankle with a cart at work and sustained a strain/sprain. Ms. Baldwin is raising an issue of sole cause in this case. As her injury occurred at work, the carrier should be held liable for compensation for this claim.

**Carrier's Position:** The claimant did not sustain a compensable injury on 03/01/06. The history given in the medical records are inconsistent with the mechanism of injury described. One record indicated that Ms. Baldwin's injury occurred at a nursing home and not for this employer. A fact based issue remains regarding whether an injury occurred at work. Regarding the issue of sole cause, this is a defense that can only be raised by the carrier as determined by the Texas Supreme Court. The carrier is not raising a sole cause issue in this case; therefore, it should not be considered. The carrier should not be held liable for compensation for this claim.

| Issue Code | Disputed Issue |
|---|---|
| C17 | Is the carrier relieved from liability under TEX. LABOR CODE ANN. §409.002 because of the claimant's failure to timely notify her employer pursuant to §409.001? |

**Claimant's Position:** The carrier is not relieved from liability under TEX. LABOR CODE ANN. §409.002 because of the claimant's failure to timely notify her employer pursuant to §409.001. When the injury occurred, Ms. Baldwin reported her injury to her supervisor on or around 03/06/06, well within the 30 day timeframe given to report an injury.

**Carrier's Position:** The carrier is relieved from liability under TEX. LABOR CODE ANN. §409.002 because of the claimant's failure to timely notify her employer pursuant to §409.001. Per the carrier's investigation with the employer, no report of an injury was made until 11/16/10. As the injury was not reported within 30 days, the carrier should not be held liable for this claim.

| Issue Code | Disputed Issue |
|---|---|
| C18 | Is the carrier relieved from liability under TEX LABOR CODE ANN Section 409.004 because of Claimant's failure to timely file a claim for compensation with the Division within one year of the injury as required by TEX LABOR CODE ANN. Section 409.003? |

**Claimant's Position:** The carrier is not relieved from liability under TEX LABOR CODE ANN Section 409.004 because of Claimant's failure to timely file a claim for compensation with the Division within one year of the injury as required by TEX LABOR CODE ANN. Section 409.003. The employer failed to file its DWC-01 form with the Division until on or around 11/16/10; as a result, Ms. Baldwin's time to file the DWC-041 form with the Division has not tolled and will not until 11/16/11.

**Carrier's Position:** The carrier is relieved from liability under TEX LABOR CODE ANN Section 409.004 because of Claimant's failure to timely file a claim for compensation with the Division within one year of the injury as required by TEX LABOR CODE ANN. Section 409.003. Ms. Baldwin never lost time from this claim. As a result, the employer was not required to file a DWC-01 with the Division; therefore, no tolling has occurred. No evidence has been presented to show that she filed a DWC-041 within one year of the date of her injury.

Page 2

11, 101

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

LINDA BALDWIN,                         §
                                       §
Plaintiff,                             §
                                       §
V.                                     §
                                       §        1:19-CV-00454
*OFFICE OF INJURED EMPLOYEE*           §
COUSEL,                                §
                                       §

3<u>RD</u> AMENDED

TO THE HONORABLE JUDGE OF SAID COURT: COMES NOW, Linda Baldwin,

pro se (1). Permission to file litigation (2). Has not filed to harass. (3) has not file to delay.

Plaintiff, Linda Baldwin file her Complaint under Causes of Action 42 1983 People of Color,

American Disability Act (ADA), 1964 Title II, 14th Amendments, Plaintiff, Linda Baldwin, to

the Honorable Judge of said Court: Now, Come, Linda Baldwin pro Se, (1). Permission to file

litigation (2). Has not filed to harass. (3). has not file to delay.

PARTIES

Ms. Linda Baldwin, Plaintiff, who presently resides at 4325 West Rome Blvd # 1184,

Las Vegas Nevada 89084. Clark, County were violated by the action of the individual below.

The action was directed against Plaintiff at the Office of the Injured Employee Counsel as the

Defendant. The Office of Injured Employee Counsel is State Agency which can be served at

Attorney General Office can be served at Texas Department of Insurance 300 W. 15'' Street

1

Austin, Texas, 78701 attention Mr. Daniel Coolidge assistant Attorney General .

III.

JURISDICTION VENUE

This action is brought pursuant to 42 U.S.C. ' 1983, People of Color of the Fourteenth Amendments to the United States Constitution, 1964 Title II accommodation of the American Disability Act violations. This Court has jurisdiction over Baldwin's federal claims pursuant to 28 U.S.C. " 1331 and 1343 (a), This Court has supplementary jurisdiction over Baldwin's state law claim pursuant to 28 U.S.C. 1367.

IV.

EXHAUSTION OF ADMINISTRATIVE PROCEDURES AND TIMELINESS

Plaintiff has met all procedural and prerequisites to bringing this claim. Plaintiff brought this civil action within one years of the date of filing a Complaint of 42 U.S.C 1983 People of Color, Deprivation of American Disability Act Title II (ADA).

BACKGROUND

On June 13, 2022, the United States of the Supreme Court Conference was denied on June 13, 2022. Baldwin" within six months of filing for New Trial of new evident.

On April 15, 2021, the United Stated Court to of Appeal denied Baldwin case reviewed the district court's dismissal for lack of subject-matter jurisdiction de novo (tort claims).

On August 3, 201, the petition for panel rehearing is was also denied.

2

## STATEMENT OF FACTS

1.  On January 17, 2017, Plaintiff Baldwin is an African woman who was deprived and denied to participate in the office of Injured Employee Counsel Agency Programs, as very seriously injured.  Plaintiff Baldwin suffered injuries in March 1, 2006, August 18, 2006 and August 20, 2007 while employed by her former employer Extended Stay America/ HVM LLC as a Customer Services Attendant.

Petitioner Baldwin applied for workers' compensation benefits and sought assistance in March 2008 and June 24, 2016 from the Office of Injured Employee Counsel (OIEC) Ombudsman Program, a state program that provides aids to unrepresented injured employees seeking workers' compensation in 2012 and 2016. See (Exhibit A).

Deprived of a Hearing and Appeal / Section 1983

2.  Plaintiff Baldwin participated in contested case hearings before the Texas Department of Insurance Division of Workers' Compensation (DWC) as the ombudsman was an no-show at the hearing and been denied two appeals without assistant in the program. The hearing Officer denied Baldwin's request for workers' compensation benefits, concluding that she did not sustain a compensable injury without a decision from the Appeal Panel and the decision has become final under section 410.169 and section 410.204 ( c ). It further determined that the Carrier, Zurich American Insurance Company, was not liable for any workers' compensation benefits after Petitioner Baldwin proper notify her former employer Extended Stay America HVLL dated March 1, 2006, August 18, 2006 and Austin 20, 2007 and presented the evident of records at the Contested Case Hearing that she did in fact notified the Employer of her injuries and showed good cause after the doctor made the wrong diagnoses

3

concerning her injuries. See Appeals Panel Number 9444& Claimant must establish that good cause existed. Krueger v.Ateosz County, 155 S.W.34 614 (Tex. App. - San Antonio 2004, no pet); Plaintiff Baldwin was deprived of such appeal.

3.   Plaintiff Baldwin did ask for appeal by the ombudsman but her appeals were founded untimely filed by the division of Worker's Compensation after she requested help concerning her disability and was assigned to Ms. Chelsea Rogers. Petitioner Baldwin signed up for an assistance dated June 24, 2016 for date of injuries August 18, 2016. Accordingly, Ms. Baldwin's Appeal was found untimely filed under the provision section 410.169 or Section 410. 204. (Exhibit B).

4.   The agency states they do not discriminate. All though Baldwin was and is seriously injured from her work injuries her plea was totally ignored for medical care, and continued to deny her appropriate medical treatment despite doctors' orders. Rather than abide by their obligations and responsibilities to safeguard her grievances the continuing, " this agency continue to denying her and safe guard her care Baldwin as she still suffer from chronic carpal tunnel hands injuries, chronic knee, back and foot problems.

5.   On December 2, 2016, Ms. Baldwin emailed appeal concerning  her untimely appeal Ms. Garcia, Manager, to Ms. Alaquinez, ombudsman as to, " as she states to please forward Ms. Baldwin a copy of appeal that were filed on November 11, 2016. Accordingly, the hearing officer, Carolyn Mobley, signed an order that the carrier is not liable for benefits to Ms. Baldwin because the claimant failed to file a claim within one year after her accident by stating in her narrative," after the r employer filed the her calms which tolled. See Linda Baldwin vs.

Vs. Zurich American Insurance Company tolled until at that time 11/16/2011. Ms. Baldwin

case had already been adjudicated ignoring the causation evidence, giving Zurich American

Insurance company to deny policy claims after it was accepted by them and filed with their

agency dated August 19, 2016.  The Employer Extended Stay America HVM LLC also failed to

submit to file a form 041 not until as required by Tex. Labor Code Ann. Section 409.003 until 11/16/10,

as result, Ms. Baldwin time to file has not tolled until at that time 11/16/2011, the hearing officer erred

in her decision.

      6.  On June 14, 2012 a Contested Case Hearing was held to resolve a dispute between

both parties Linda Baldwin, Claimant vs. Zurich American Insurance Company, Carrier but

accordingly, Ms. Pricilla Schar- Gerena, Ombudsman was a no-show at the hearing under

claims number 11148351 and 08103562 after the former Deputy Public counsel/ Chef of Staff

Mr. Brian White stated that Ms. Pricilla Schar-Genea your Ombudsman will continue to assist

you with worker's compensation claim. See Townsend v. Quasim 328 F3d 511 (9*^ Cir. 2003)

but Section 202 of Title II provides that "no qualified individual with a disability shall, by

reason of such disability, be excluded from participation in or be denied the benefits of the

services, programs, or activities of a public entity, or be subjected to discrimination by such

entity." 42 U.S.C. § 12132 (emphasis added).

      7.  On June 22, 2012, Ms. Cristine Beceiro, hearing officer, filed an Order denying Ms.

Baldwin, Plaintiff medical benefits for the compensable after the ombudsman was a no-show.

Baldwin's injuries happen while standing on a hard-concrete floor while standing for long

period pacing back and forth from her previous Employer Extended Stay America / HVM LLC.

8.  The injury in accordance with section 408.021 under claim number 08-103562 and 11-148351 which, Ms. Cristine Beceiro, hearing officer totally ignored Ms. Baldwin testimony and evident -of how she reported her injuries to her former employer within 30 days according to the Texas Labor Code of how it happen to her. Ms. Baldwin had attached her medial documentation and employment records at the hearing pf how the injuries had occurred. In Guevara v. Ferrar, 247. S.W. 3d 662 (Tex. 2207) as it relates to causation evidence, the hearing officer should not ignore the weight of evidence in its entirety and focus solely on a single piece of evidence in reaching an opinion whether Ms. Baldwin has met her causation solely on burden of her medical documentation, medical opinions and employment records in which the hearing officer failed to do so.

9.  Ms. Baldwin telephoned the members of the Texas Legislature expressing her concerns about misrepresentation in the Workers' Compensation Division. Additionally, Ms. Baldwin reported that her Medical records were sent to her but were never received which is a violation of privacy. On or about February 21, 2012 a letter to the Attorney General and to Ms. Elaine Chaney was sent from Plaintiff Baldwin about confidentiality of medical records which violated the privacy Act of rights under American Disability Act (ADA) Disability Act HIPPA. Ms. Chaney was unwilling to provide Ms. Baldwin with any tracing information concerning her medical records.

10. Baldwin expressed her concern to former Mr. Brian White, Deputy Attorney about how she was treated under the Ombudsman program after Ms. Baldwin signed an agreement on

6

or about November 2010 for assistance under the Ombudsman program. (The signed agreement is lost or miss placed.) In addition, Ms. Baldwin was coerced by the hearing officer into signing a document refusing assistance under the ombudsman program. And, accordingly, a letter was sent to the Attorney General s office expressing the mistreatment under the ombudsman program. Baldwin's records with the ombudsman program were falsified, stating Baldwin was going to represent herself. This was false. On June 9, 2012, Baldwin faxed a letter to Ms. Elaine Chaney requesting to have her case file available to her.

11. On June 10, 2012, Ms. Baldwin received a call from Ms. Gerena assistance Ms. Gloria C. to assist her on her appeal. On or about June 12, 2012 Ms. Baldwin was assisted by Ms. Gerena under the condition that she sign another agreement in which Ms. Baldwin refused to do. On June 14, 2012, Ms. Baldwin ended up representing herself in the contested case hearing. On June 22, 2012, Ms. Baldwin lost her case without assistance under the ombudsman program. On January 12, 2012, a letter was sent to the Attorney General's office expressing the mistreatment under the ombudsman program. Ms. Baldwin never received a response from the former Mr. Gregg Abbott, Attorney General Office why she was denied the quality care by the Division of Worker's Compensation, Injured Employee Council.

### Section 202

*American Disability ACT*

12. On or about November 12, 2009 Ms., Baldwin was pronounced as disable by Social Security Administration suffering from carpal tunnel in both hands chronic pain in her knees and back. Baldwin doctors put her on restriction not do anything that is physical and would

cause any other additional injuries. Though Baldwin was seriously injured she needed medical care, and they continued to deny her appropriate medical treatment despite doctors' after she sought help from them. She was not represented by Attorney. See Boujaily vs. United States, 483 U.S. 171 (1987).

13. On August 15, 2016, acceptance package from the Defendant Zurich American Insurance, had accepted her three claims and file with the agency to incorporate into one claim number 1148351, 12185641 and DWC number 08103562, as Baldwin 's workers compensation payment claims were filed with the Division of workers compensation without her knowledge for these two claims. Baldwin has a legal claim in order to do this, and investigation is necessary see Trammel v. United States (1980) 445 U.S. 40, S0.) from Also see Heckler, 752 F. 2d 1099 (5* Cir. 19. See Section 202 of Title 11 provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132 (emphasis added).

14. Plaintiff is a 67-year-old need of medical service a woman with following needs for long term care. Plaintiff sustained her injuries from her former employer Extended Stay America/ HVM LLC from a repetitive motion over a long period of time, "which discriminated against her, terminated her and failure to file her claims with the agency Division of Workers Compensation within thirty of days after she and filed her claims years later. The reported injuries consisting of plantar fasciitis of the left foot, a sprain of the left ankle and left anterior talo fibular ligament, osteoarthritis of the left knee and left lower extremity, left knee crepitus,

and caporal tunnel injuries.

15. Plaintiff was entitled to receive an appeal and assistant under the ombudsman program without being deprived of rights under title II, harassment, Retaliation and humiliation and discriminated against in which Ms. Baldwin Plaintiff should have received.

16. Ms. Baldwin, Plaintiff meet the essential needs of the requirement because she was not represented by Attorney.

17. On or about March of 2008, Plaintiff applied for those services to be a participant in Defendant Program Office of Injured Employee Council but was denied Assistant under the Ombudsman program under claim number 08-103562 and 11-148351 and to have her appeal heard under claim number 12-185641 but was denied those services.

Relief Sought

Under Causes of action42 U.S, C. 1983 People of Color and American Disability Act (ADA), 1964 title II and Accommodation.

18. WHEREFORE, Plaintiff prays that this Court enter Judgement against Defendant providing relief under Causes of action42 U.S, C. 1983 People of Color and American Disability Act (ADA), 1964 title II and Accommodation.

(A) . Compensable damages in whatever amount in excessive of Maximum amount of this Court.

(B)   punitive/exemplary damages against Defendant in whatever amount, exclusive of the cost and interest, that Plaintiff in found be entitle;

(C) . an award of interest cost 15 % and reasonable fees;

(D)   take other appropriate nondiscriminatory measures to overcome the above described causes of action; and other further relief as the Court deems appropriates.

Respectfully Submitted

Linda Baldwin, Pro Se

## CERTIFICATE OF SERVICE

I, Linda Baldwin, hereby certify that on this, October 1, 2022, I served a true and correct copy of, via certified mail, return receipt requested, as follows:

<u>ATTORNEYS FOR DEFENDANT</u>

Assistant Attorney General,
Daniel Coolidge
Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
FAX: (512) 320-0667

Respectfully Submitted
Linda Baldwin, Pro Se
4325 West Rome Blvd.
Apt 1184
North las Vegas, NV 89084
ltistine3@Yahoo.com

# EXHIBIT

# A

ℬ

 OFFICE OF INJURED EMPLOYEE COUNSEL _____

1-866-EZE-OIEC • 1-866-393-6432

## OFFICE OF INJURED EMPLOYEE COUNSEL ASSISTANCE REQUEST

Name: _Linda Baldwin_  DWC#: _1218564I-AU_

Address: _3651 N. Rancho Dr. #107_ Email address: _itistime3@yahoo.com_

City: _Las Vegas, NV 89130_  Date of Injury: _8/18/06_

Telephone _(702) 888-2287_

I, _Linda Baldwin_, am requesting the assistance of the Office of Injured Employee Counsel (OIEC). I am not represented by an attorney on the issue for which I am requesting assistance, although I know that I have that right. This document will remain in effect until I terminate it. I may terminate OIEC assistance at any time by notifying the Office of Injured Employee Counsel or by hiring an attorney. If I hire an attorney, I know that my attorney must file his or her contract of employment with the Texas Department of Insurance, Division of Workers' Compensation.

I know and clearly understand that the Ombudsman:

- Is an employee of the Office of Injured Employee Counsel.
- Is not acting as an attorney nor performing services of an attorney.
- will not be representing me as an attorney or in any other capacity.
- will be assisting me to present my claim for benefits.
- provides assistance at no charge to unrepresented persons requesting assistance.
- cannot and will not provide legal advice.
- cannot and will not make or sign any agreements for me.
- cannot and will not make any decisions for me.

I authorize any OIEC employee to have access to my claim file and other confidential records pertaining to my claim, including medical records.

I understand that any communication made to any OIEC employee is confidential under Texas Labor Code § 404.110 and that the employee cannot generally be compelled to disclose that information on any matter relating to my workers' compensation claim.

I authorize the Ombudsman to sign time-sensitive documents on my behalf that are required to be filed to preserve my rights in the workers' compensation system.

I have read or have had this information read to me by someone of my choice, and I understand and accept these terms.

_Linda Baldwin_  _6/24/16_
Signature of Injured Employee or Beneficiary    Date

NOTE: With few exceptions, upon your request, you are entitled to be informed about the information the Office of Injured Employee Counsel collects about you; receive and review the information (Government Code, §§552.021 and 552.023); and have the Office of Injured Employee Counsel correct information that is incorrect (Government Code, §559.004).

Form OMB-02 (Rev. 04/13)

 OFFICE OF INJURED EMPLOYEE COUNSEL

4.   The purpose for requesting this information is for use by the Office of Injured Employee Counsel to evaluate, describe, or report matters about my health to person(s) entitled to receive this information.

5.   I understand that I may revoke this authorization in writing at any time, except to the extent that the person(s) and/or organization(s) named above have taken action in reliance on this authorization.

6.   I understand that treatment and payment for my treatment are not conditioned on my agreement to this authorization.

7.   I understand that the release of protected health information to a non-covered entity may invalidate its protection.

8.   I understand that my express consent is required to release any healthcare information relating to testing, diagnosis and/or treatment for HIV (Aids Virus), sexually transmitted disease, psychiatric disorders/mental health or drug and/or alcohol use. If I have been tested, diagnosed or treated for HIV (Aids virus), sexually transmitted diseases, psychiatric disorders/mental health or drug and/or alcohol use, you are specifically authorized to release all health care information relating to such diagnosis, testing, or treatment.

9.   This authorization expires on one year from the date of this authorization, or the date that my workers' compensation claim is finally closed, whichever occurs first.

I have had the opportunity to read and consider the contents of this authorization. I confirm that this authorization is a true and correct statement of my intention to permit the disclosure of my PHI as described in the authorization.

Signature: _Linda Baldwin_      Date: _5/20/16_

Name: _Linda Baldwin_

Address: _3651 N. Rancho Dr. # 107_

Telephone: _702 888-3687_

D.O.B. _1/9/55_

4616 WEST HOWARD LANE, SUITE 130 ★ AUSTIN, TX 78728-6300
(866)393-6432 ★ FAX (512) 933-9828
WWW.OIEC.TEXAS.GOV

Form OIEC-31, HIPAA Authorization (Revised Nov. 2012)

**DWC045**

V. DOCUMENTATION OF YOUR EFFORTS TO RESOLVE THE ISSUE(S)     DWC#: 12185164-AU

**19. Provide the date the opposing party was notified of the disputed issues** (mm-dd-yyyy):

**20. Attach the following to this form:**
- a description of all efforts you have made to resolve the disputed issue(s)
- supporting documentation

**NOTE:** If this information is not provided, a BRC may not be scheduled.

**21.** I certify that prior to this request I have made reasonable efforts to resolve the disputed issue(s) identified in Section IV above and that any pertinent information in my possession has been provided to the opposing party or parties. I certify that all the information provided on this form is true and correct. I certify that I will provide a copy of this request to the opposing party or parties.

**Request to RESCHEDULE or CANCEL a Benefit Review Conference (complete Section VI)**

VI. DOCUMENTATION OF GOOD CAUSE FOR RESCHEDULING OR CANCELING A BENEFIT REVIEW CONFERENCE

**22. Check ONE box below to indicate the description applicable to your request:**
- [ ] **Cancel PRIOR to BRC (Complete 23 and 26)**
- [ ] **Reschedule PRIOR to BRC (Complete 23, 25, and 26)**
- [ ] **Reschedule AFTER failing to attend BRC (Complete 24, 25, and 26)**

**23.** If you are requesting to reschedule or cancel a BRC and the date you are submitting this form is more than 10 days after the date* you received the notice of setting but before the BRC is scheduled to be held, attach the indicated information and any supporting documentation to this form:

    a) a description of objective facts beyond your control, which reasonably:
- > prevent you from attending the BRC; or
- > prevent the BRC from accomplishing its purpose (This may include a description of your need for a reasonable amount of additional time to secure necessary evidence for the dispute); OR

    b) a description of objective facts which make the BRC unnecessary.

    * The date the notice of setting is received is deemed to be the 5th day after the date of the notice.

**NOTE:** If this information is not provided, the BRC may not be rescheduled or canceled. Canceling a BRC without simultaneously rescheduling is considered a withdrawal of the dispute on the issue and must comply with TDI-DWC rule 130.12, if applicable.

If you did not submit the initial request for the BRC that you are requesting to reschedule or cancel, have you obtained the agreement of the opposing party to the rescheduling or cancelation of the BRC? [ ] Yes  [ ] No

**24.** If you are requesting to reschedule after failing to attend a BRC, you **must** attach a description of objective facts beyond your control, which reasonably prevented you from attending the BRC and from notifying TDI-DWC to cancel or reschedule in advance of the BRC.

    If you do not submit the request by close of business on the third business day after the BRC was held, you **must also** attach a description of objective facts beyond your control, which reasonably prevented you from doing so and which justify the subsequent delay in filing the request.

    Attach any supporting documentation.

**NOTE:** If this information is not provided, the BRC may not be rescheduled.

| 25. Check the appropriate box below: | For TDI-DWC Use Only |
|---|---|
| [ ] The information provided in the initial request for this BRC has **not** changed. <br><br> [ ] Information provided in the initial request for this BRC has changed. (If this box is checked, you must complete Sections IV and V of this form.) | |
| **26.** I certify that I will provide a copy of this request to the opposing party or parties. <br><br> Signature of Requester *Linden Baldwin*  Date *5/20/16* | |

**NOTE:** With few exceptions, upon your request, you are entitled to be informed about the information TDI-DWC collects about you; receive and review the information (Government Code, §§552.021 and 552.023); and have TDI-DWC correct information that is incorrect (Government Code, §559.004).

**NOTICE: THIS DOCUMENT CONTAINS SENSITIVE DATA**

Cause Number: _____
*(The Clerk's office will fill in the Cause Number when you file this form)*

Plaintiff: _Linda Baldwin_
*(Print first and last name of the person filing the lawsuit.)*

**And**

Defendant: _Judge Robert Pitman_
*(Print first and last name of the person being sued.)*

In the *(check one):*
- ☐ District Court
- ☐ County Court / County Court at Law
- ☐ Justice Court

Court Number _____

County _____ Texas

# Statement of Inability to Afford Payment of Court Costs or an Appeal Bond

## 1. Your Information

My full legal name is: _Linda_ _Baldwin_  My date of birth is: _1, 9, 1955_
              *First*        *Middle*    *Last*                          *Month/Day/Year*

My address is: *(Home)* _4325 West Rome Blvd #1184_

     *(Mailing)* _____

My phone number: _725 285-6601_  My email: _itstime3@yahoo.com_

About my **dependents:** "The people who depend on me financially are listed below.

| | Name | Age | Relationship to Me |
|---|---|---|---|
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |

## 2. Are you represented by Legal Aid?

☐ I am being represented in this case for free by an attorney who works for a legal aid provider or who received my case through a legal aid provider. I have attached the certificate the legal aid provider gave me as 'Exhibit: Legal Aid Certificate.

-or-

☐ I asked a legal-aid provider to represent me, and the provider determined that I am financially eligible for representation, but the provider could not take my case. I have attached documentation from legal aid stating this.

or-

☒ I am not represented by legal aid. I did not apply for representation by legal aid.

## 3. Do you receive public benefits?

☒ I do not receive needs-based public benefits. **- or -**

☐ I receive these **public benefits/government entitlements** that are based on indigency:
*(Check ALL boxes that apply and attach proof to this form, such as a copy of an eligibility form or check.)*
- ☐ Food stamps/SNAP   ☐ TANF   ☐ Medicaid   ☐ CHIP   ☐ SSI   ☐ WIC   ☐ AABD
- ☐ Public Housing or Section 8 Housing   ☐ Low-Income Energy Assistance   ☐ Emergency Assistance
- ☐ Telephone Lifeline   ☐ Community Care via DADS   ☐ LIS in Medicare ("Extra Help")
- ☐ Needs-based VA Pension   ☐ Child Care Assistance under Child Care and Development Block Grant
- ☐ County Assistance, County Health Care, or General Assistance (GA)
- ☐ Other: _____

**4. What is your monthly income and income sources?**

*I get this monthly income:

$ 2,200.00 in monthly wages. I work as a Social Security Inc. for _____
_____Your job title_____Your employer_____

$_____ in monthly unemployment. I have been unemployed since (date) _____

$_____ in public benefits per month.

$_____ from other people in my household each month: (List only if other members contribute to your household income.)

$ 1816.00 from ☐ Retirement/Pension  ☐ Tips, bonuses  ☐ Disability  ☐ Worker's Comp
☒ Social Security  ☐ Military Housing  ☐ Dividends, interest, royalties
☐ Child/spousal support
☐ My spouse's income or income from another member of my household (if available)

$ 4,000.00 from other jobs/sources of income. (Describe) DSP

$_____ is my total monthly income.

**5. What is the value of your property?**

*My property includes:                     Value*

Cash                                    $ 0

Bank accounts, other financial assets
_____                         $ 0
_____                         $ 0
_____                         $ 0

Vehicles (cars, boats) (make and year)
_____                         $ 0
_____                         $ 0
_____                         $ 0

Other property (like jewelry, stocks, land, another house, etc.)
_____                         $ 0
_____                         $ 0
_____                         $ 0

          Total value of property → $ 0

*The value is the amount the item would sell for less the amount you still owe on it, if anything.

**6. What are your monthly expenses?**

*My monthly expenses are:                  Amount

Rent/house payments/maintenance          $ 2064.00
Food and household supplies              $ 400.00
Utilities and telephone                  $ 3200.00
Clothing and laundry                     $ 50.00
Medical and dental expenses              $ 176.00
Insurance (life, health, auto, etc.)     $ 203.00
School and child care                    $ 0
Transportation, auto repair, gas         $ 380.00
Child / spousal support                  $ 0
Wages withheld by court order            $ 0

Debt payments paid to: (List)            $ 380.00
Capital one/Conns                        $ 150.00
VFCU                                     $ 200.00

          Total Monthly Expenses → $ 3976.00

**7. Are there debts or other facts explaining your financial situation?**

*My debts include: (List debt and amount owed) _____
_____

(If you want the court to consider other facts, such as unusual medical expenses, family emergencies, etc., attach another page to this form labeled "Exhibit: Additional Supporting Facts.") Check here if you attach another page.☐

**8. Declaration**

I declare under penalty of perjury that the foregoing is true and correct. I further swear:
☒ I cannot afford to pay court costs.
☐ I cannot furnish an appeal bond or pay a cash deposit to appeal a justice court decision.

My name is Linda Baldwin        My date of birth is : 1/9/1955
My address is 9385 West Rom Blvd #1184 N. Las Vegas NV 89084 Clark
_____Street_____City_____State_____Zip Code_____Country

_____ signed on 14/1/2022 in Clark County, Nevada
Signature_____Month/Day/Year___county name_____State

PRIORITY MAIL
POSTAGE REQUIRED

RDC 04

U.S. POSTAGE PAID
LAS VEGAS, NV
APR 11 23
AMOUNT
$23.80
R2300S1014453

FROM:

Linda Balduum
4325 West Lone Blvd #1181
North Las Vegas, NV 89084

SCREENED BY CSO
APR 14 2023

TO:
Western District of Texas
U.S. District Clerk Office
501 West 5th Street
Suite 1100
Austin, TX 78701

SCREENED BY CSO
APR 14 2023

CERTIFIED MAIL

7022 3210 0000 1545 4020

PRIORITY MAIL

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

PRIORITY MAIL

United States Postal Service®
Label 106A, Nov 2018