# United States Court of Appeals for the Fifth Circuit

FILED
March 12, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____klw_____
DEPUTY

United States Court of Appeals
Fifth Circuit
**FILED**
January 19, 2024
Lyle W. Cayce
Clerk

No. 23-50349
Summary Calendar

───────────────

Linda Baldwin,

*Plaintiff—Appellant*,

*versus*

U.S. District Judge Robert Pitman,

*Defendant—Appellee*.

──────────────────────────────

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-426 DAE

──────────────────────────────

Before Smith, Southwick, and Wilson, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED as frivolous.

Certified as a true copy and issued
as the mandate on Mar 12, 2024

Attest: *Lyle W. Cayce*
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
January 19, 2024
Lyle W. Cayce
Clerk

_____

No. 23-50349
Summary Calendar
_____

Linda Baldwin,

*Plaintiff—Appellant*,

*versus*

U.S. District Judge Robert Pitman,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-426

_____

Before Smith, Southwick, and Wilson, *Circuit Judges*.

Per Curiam:[*]

    Linda Baldwin filed a pro se civil rights action against District Court Judge Robert Pitman, alleging that he had violated her constitutional rights and had discriminated against her through his adverse rulings on prior lawsuits challenging the denial of workers' compensation benefits, and asking that all orders and opinions by Judge Pitman in her prior cases be thrown out.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50349

The district court noted that Baldwin had been previously barred from filing a cause of action without obtaining approval from a federal district or magistrate judge; to the extent that Baldwin was seeking authorization to file, the district court concluded that her claims were frivolous. Baldwin then moved to reopen the case, asserting that Judge Pitman and the district court judge who had ruled on her action were biased against her. The district court denied the motion to reopen, again concluding that Baldwin's attempts to challenge the validity of prior rulings should have been through direct appeals in those cases. Baldwin has now filed a motion for authorization to proceed in forma pauperis (IFP) on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Baldwin will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Baldwin repeats her assertions that Judge Pitman's prior rulings were wrong and evinced bias against her and that she is entitled to reconsideration of those decisions. She also maintains that the district court should not have entered the vexatious litigant order in an earlier action. Baldwin has not shown that the district court erred in ruling that any challenges to those earlier rulings should have been presented in appeals from those cases, rather than through new lawsuits. *See Alvestad v. Monsanto Co.*, 671 F.2d 908, 912 (5th Cir. 1982) (noting we review such decisions under an abuse of discretion standard). In addition, she has not shown that her assertions of bias against the district judge who ruled in those cases could not have been raised and appealed in those proceedings. *See Liteky v. United States*, 510 U.S. 540, 543-56 (1994). Thus, Baldwin has not established that her proposed claims were nonfrivolous or that the district court erred in denying her leave to file the complaint.

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, Baldwin's motion

No. 23-50349

to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See id.*; *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Baldwin's motion to reinstate a dissent order is DENIED.

The instant case is Baldwin's eighth attempt in federal court to challenge the denial of workers' compensation benefits arising from injuries she suffered in 2006 and 2007. The district court has barred Baldwin from filing further actions without obtaining consent from a federal district or magistrate judge. In addition, this court has previously barred Baldwin from filing further pleadings in an unsuccessful appeal. Despite these limits, Baldwin continues to file frivolous pleadings. Accordingly, Baldwin is WARNED that any further attempts to challenge the denial of benefits arising from her injuries in 2006 and 2007, against any party, will invite the imposition of sanctions. *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988) (holding that this court has the inherent power to sanction litigants for frivolous or repetitive filings).

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

March 12, 2024

Mr. Philip Devlin
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 23-50349    Baldwin v. Pitman
                       USDC No. 1:23-CV-426

Dear Mr. Devlin,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                              Sincerely,

                              LYLE W. CAYCE, Clerk

                              By: _____
                              Mary Frances Yeager, Deputy Clerk
                              504-310-7686

cc:  Ms. Linda Baldwin